1  **ANDERSON & ASSOCIATES**
   **MICHAEL D. ANDERSON, ESQ. (#194493)**
2  mda@a-a-law.com
   **PATRICK VARDAPOUR, ESQ. (#230320)**
3  pvardapour@a-a-law.com
   The Commons, Suite 372
4  140 South Lake Avenue
   Pasadena, California 91101
5  Telephone: (626) 449-8131
   Facsimile: (626) 449-8041
6

7  Attorneys for Plaintiff, RAM NEHARA

8
                    **UNITED STATES DISTRICT COURT**
9
                    **EASTERN DISTRICT - FRESNO OFFICE**
10

11
   RAM NEHARA, an individual,              )  Docket No.
12                                          )
                    Plaintiff,             )
13                                          )  **COMPLAINT FOR:**
          vs.                              )
14                                          )  **1.    RETALIATION**
   THE STATE OF CALIFORNIA;                )
15 DEPARTMENT OF CORRECTIONS AND           )  **2.    INTENTIONAL INFLICTION**
   REHABILITATION, an agency of the State of )       **OF EMOTIONAL DISTRESS**
16 California; NORTH KERN STATE PRISON,     )
   an agency of the State of California;    )  **3.    DISABILITY**
17 MICHAEL CAVANAUGH, an individual;        )         **DISCRIMINATION**
   ALFRED CASTRO, an individual; EVELYN     )
18 DIONISIO, an individual; MILGROS         )  **4.    DEFAMATION**
   ALBANO, an individual; REYNALDO          )
19 DIMAANO, an individual; ALAN TOM, an     )  **5.    INJUNCTION**
   individual; LEIF AGBAYANI, an individual; )
20 VIDA McMILLEN, an individual; JUDY       )  Demand for Jury Trial
   PIERCE, an individual; REYNOLDO REYES,   )
21 an individual; PHILLIP A. MALLORY, an    )
   individual; DAVID RAMOS, an individual;  )
22 RICHARD GIBBONS, an individual; and      )
   DOES 1 through 20, inclusive,            )
23                                          )
                    Defendants.            )
24                                          )
   _____ )
25

26  /      /      /

27  /      /      /

28  /      /      /

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

Plaintiff Ram Nehara alleges:

## JURISDICTION

1.     This action arises under 42 U.S.C. §§ 2000e et seq. and 12101 et seq.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are so related to the claims with original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper because a substantial part of the events or giving rise to the claims occurred in this District.

## PARTIES

4.     Plaintiff Ram Nehara ("Plaintiff") is, and at all relevant times was, a citizen of California.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant State of California, is a government entity engaged in an industry affecting commerce and employs over 500 employees on each working day in each of 20 or more calendar weeks during all relevant calendar years.

6.     Plaintiff is informed and believes, and thereon alleges, that the California Department of Corrections and Rehabilitation ("CDCR") is an agency of the State of California, or a government entity of unknown form, organized and operating under the laws of the State of California, with its principal place of business in the State of California.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant North Kern State Prison ("NKSP") is an agency of the State of California, or a government entity of unknown form, organized and operating under the laws of the State of California, with its principal place of business in the State of California.

8.     Defendant Mike Cavanaugh was all relevant times employed by CDCR as the Director of Nursing at NKSP.

9.     Defendant Alfred Castro was at all relevant times employed by CDCR as a Correctional Sergeant at NKSP.

10.     Defendant Evelyn Dionisio was at all relevant times employed by CDCR as a

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101
Tel (626) 449-8133 • Fax (626) 449-8041

-2-

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

1  Registered Nurse at NKSP.

2      11.    Defendant Milgros Albano was at all relevant times employed by CDCR as a

3  Registered Nurse at NKSP.

4      12.    Defendant Alan Tom was at all relevant times employed by CDCR as a Correctional

5  Officer at NKSP.

6      13.    Defendant Reynaldo Dimaano was at all relevant times employed by CDCR as a

7  Supervising Registered Nurse at NKSP.

8      14.    Defendant Leif Agbayani was at all relevant times employed by CDCR as a Trained

9  Assistant / Licenced Vocational Nurse at NKSP.

10     15.    Defendant Vida McMillen was at all relevant times employed by CDCR as a Director

11  of Registered Nurses at NKSP.

12     16.    Defendant Judy Pierce was at all relevant times employed by CDCR as a Supervising

13  Registered Nurse II at NKSP.

14     17.    Defendant Reynoldo Reyes was at all relevant times employed by CDCR as a

15  Registered Nurse at NKSP.

16     18.    Defendant Phillip A. Mallory was at all relevant times employed by CDCR as a

17  Contract Nurse Practitioner at NKSP.

18     19.    Defendant David Ramos was at all relevant times employed by CDCR as a Lieutenant

19  at NKSP.

20     20.    Defendant Richard Gibbons was at all relevant times employed by CDCR as a Sergeant

21  at NKSP.

22     21.    Plaintiff does not know the true names of Defendants Does 1 through 20, inclusive, and

23  therefore sues them by those fictitious names. The names, capacities and relationships of Does 1

24  through 20 will be alleged by amendment to this complaint when the same are known.  Said Doe

25  Defendants were responsible for the acts and events hereinafter alleged, and intentionally participated

26  and conspired in the conduct complained of herein.

27  /    /    /

28  /    /    /

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4942
Tel (626) 449-8133 • Fax (626) 449-8041

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

**COMMON ALLEGATIONS**

22.     Plaintiff alleges on information and belief that CDCR and NKSP are entities engaged in an industry affecting commerce with 15 or more employees on each working day in each of 20 or more calendar weeks in all relevant calendar years. Alternatively, Plaintiff is informed and believes, and thereon alleges, that NKSP is an agent of such an entity.

23.     Plaintiff is a national of India, lawfully working and residing in Kern County at all relevant times.

24.     Defendants State of California, CDCR, and/or NKSP employed Plaintiff as a Registered Nurse starting from about March 10, 2006.

25.     On numerous occasions prior to December 2006, Plaintiff complained to the NKSP administration about the discriminatory shift and overtime assignments he experienced at NKSP. However, the administration failed to take any steps to remedy the discriminatory assignments.

26.     Plaintiff is informed and believes, and thereon alleges, that in response to Plaintiff's complaints regarding discrimination, Plaintiff's co-workers and managers at NKSP conspired to and did do the following: on December 22, 2006, Custody Officer Escarrega left a violent or mentally unstable inmate alone, unguarded and unrestrained with Plaintiff for evaluation in a room at NKSP, knowing it was a violation of prison policy because of the substantial likelihood that the inmate would attack and harm Plaintiff under those circumstances.  The inmate then did in fact attack and severely beat Plaintiff, and nearly gouged out both of Plaintiff's eyes.

27.     Plaintiff is informed and believes, and thereon alleges, that Custody Officer Escarrega's misconduct was also motivated by discriminatory intent against Plaintiff on the basis of Plaintiff's Indian nationality.

28.     In connection with the inmate attack, on or about December 25, 2006, Plaintiff drafted an incident report accurately detailing the facts of that event, and attempted to file it.  Plaintiff's report included the identity of the custody officer at fault and facts sufficient to show violations of law/protocol.  However, NKSP managers and employees used threats of force and other coercive tactics to successfully prevent Plaintiff from filing that report.  In its place, and over Plaintiff's objections, they created a falsified incident report that eliminated all traces of misconduct and

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4492
Tel (626) 449-8133 • Fax (626) 449-8041

-4-

1  successfully forced Plaintiff to submit it as his official incident report.

2     29.     Plaintiff reported to his union representative and the NKSP Warden the misconduct and

3  coercion from his colleagues and managers in connection with the incident report.  In response, select

4  NKSP employees subjected Plaintiff to further misconduct as set forth below.

5     30.     On April 30, 2009, Defendants State of California, CDCR, and/or NKSP unlawfully

6  terminated Plaintiff's employment.

7     31.     On or about October 28, 2009, Plaintiff filed a charge with the Equal Employment

8  Opportunity Commission ("EEOC") for discrimination by NKSP from March 10, 2006 until April 30,

9  2009 on the basis of race, national origin, retaliation, and disability.   Attached hereto as **Exhibit "A"**

10  and incorporated by this reference is the EEOC charge.

11     32.     The EEOC issued a Right-to-Sue Letter on November 9, 2009.   Attached hereto as

12  **Exhibit "B"** and incorporated by this reference is the EEOC Right-to-Sue Letter.

13     33.     On or about January 20, 2010, Plaintiff filed an amended charge against NKSP with the

14  EEOC.   Attached hereto as **Exhibit "C"** and incorporated by this reference is the amended EEOC

15  charge.

16     34.     On or about January 25, 2010, Plaintiff received a Right-to-Sue Letter from the EEOC

17  in response to the amended EEOC charge.  Attached hereto as **Exhibit "D"** and incorporated by this

18  reference is the EEOC  Right-to-Sue Letter for the amended EEOC charge.

19  **FIRST CLAIM FOR RETALIATION**

20  **(Against the State of California, CDCR, NKSP, and Does 1-20)**

21     35.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth

22  herein.

23     36.     From an early point in his employment, Plaintiff engaged in a protected activity by

24  opposing acts and participating in proceedings regarding conduct Plaintiff reasonably and in good faith

25  believed were racially discriminatory.  These protected activities include but are not limited to

26  complaining about discriminatory shift/overtime assignments and discriminatory circumstances

27  surrounding the inmate attack incident; opposing discriminatory coercion and conduct in connection

28  with the report of that inmate attack incident; complaining about the persistent racially derogatory

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4902
Tel (626) 449-8133 • Fax (626) 449-8041

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4902
Tel (626) 449-8133 • Fax (626) 449-8041

1   remarks Custody Officer Waymire made to Plaintiff regarding his Indian nationality and working at

2   "7-Eleven" convenience stores; and other similar misconduct.  Custody Officer Waymire's full name

3   is unknown at this time; this complaint will later be amended to identify her as one of the DOE

4   defendants.

5        37.   The State of California, CDCR, NKSP, and DOES 1 - 20 subjected Plaintiff to adverse

6   employment actions by and through Plaintiff's supervisors and co-workers.  This includes but is not

7   limited to failing to take all reasonable steps necessary to prevent discrimination, harassment, and

8   retaliation against Plaintiff.  It also includes fabricating unfounded "write-ups" (of dishonesty,

9   uncooperativeness, and sleeping on the job) to subject Plaintiff to merit-less internal affairs

10  investigations and to lay the groundwork for initiating Plaintiff's Registered Nurse license termination

11  proceeding with the California Board of Registered Nurses.  The adverse employment actions also

12  include inequitable shift and overtime distribution; unwarranted restrictions from direct patient care;

13  denial of Plaintiff's requests and his Psychiatric counselor's orders for medical leave after the severe

14  beating by the inmate; and eventually, retaliatory termination of Plaintiff's employment.

15       38.   Plaintiff is informed and believes, and thereon alleges, that said defendants

16  intentionally took these adverse employment actions against Plaintiff because of the protected activity

17  in which Plaintiff participated, and their retaliation was a substantial or motivating factor behind their

18  adverse employment actions against Plaintiff.

19       39.   As a result of Defendants' misconduct starting from about December 2006, Plaintiff

20  suffered damages in the form of lost privileges and benefits of employment, nightmares, sleep

21  deprivation, fear, anxiety, post traumatic stress disorder, the possible loss of his Registered Nurse

22  licence, costs for defending himself in the nursing licence proceedings, and other damages to be

23  proven at trial.

24  /      /      /

25  /      /      /

26  /      /      /

27  /      /      /

28  /      /      /

-6-

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

**SECOND CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against State of California, CDCR, NKSP, Michael Cavenaugh, Alfred Castro, Reynaldo Dimaano, Vida McMillen, Evelyn Dionisio, Judy Pierce, Alan Tom, Lief Agbayani, Reynoldo Reyes, Phillip A. Mallor, David Ramos, Richard Gibbons, and Does 1-20)**

40.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

41.     Defendants Michael Cavenaugh, Alfred Castro, Reynaldo Dimaano, Vida McMillen, Evelyn Dionisio, Judy Pierce, Alan Tom, Lief Agbayani, Reynoldo Reyes, Phillip A. Mallory, David Ramos, Richard Gibbons, and Does 1-20, one of whom will be Custody Officer Waymire, conspired and engaged in extremely outrageous conduct over a period of three years. This conduct includes denying Plaintiff's and his psychiatric counselor's request for time off shortly after the inmate attack incident, thereby forcing Plaintiff to continue working when he was unable to or should not have been forced to. This conduct also includes assigning Plaintiff – upon his return to work from an eventual time off – to a station where Plaintiff worked alone with inmates for about 4 months, knowingly disregarding specific instructions from Plaintiff's treating psychiatric counselor not to do so; threatening and coercing Plaintiff to file a false incident report; retaliating against Plaintiff for engaging in protected activity and not conforming to their threats; persistently making racially derogatory remarks to Plaintiff regarding his Indian nationality and working at "7-Eleven;" filing fabricated write-ups and other merit-less accusations in order to (1) subject Plaintiff to an internal affairs investigations, (2) lay the groundwork for a pretextual termination, and (3) thereafter jeopardize Plaintiff's Registered Nurse licence with the California Board of Registered Nursing; and other similar conduct.

42.     Said defendants' conduct was neither privileged nor a normal part of the employment relationship.

43.     Said defendants engaged in this conduct with the intention to cause, or with the reckless disregard of the probability of causing, emotional distress to Plaintiff.

44.     Said defendants' conduct was the actual and proximate cause, and a substantial factor in causing Plaintiff's emotional distress.

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4042
Tel (626) 449-8133 • Fax (626) 449-8041

45.     As a result of defendants' conduct, Plaintiff suffered severe emotional distress, including but not limited to nightmares, sleep deprivation, fear, anxiety, post traumatic stress disorder, depression, other emotional distress, and other damages to be proven at trial.

46.     Plaintiff is informed and believes, and thereon alleges, that the above-recited defendants conspired to and did perform these actions with malice, fraud or oppression, and in reckless disregard of Plaintiff' rights, meriting an award of punitive damages.

## THIRD CLAIM FOR DISABILITY DISCRIMINATION

### (Against the State of California, CDCR, NKPS, and Does 1-20)

47.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

48.     Plaintiff suffered from a mental impairment because of and after the inmate attack incident, which substantially limited Plaintiff's major life activities.  In the alternative, Plaintiff had a record of such impairments upon his return from time off worker.  These mental impairments include but are not limited to Post Traumatic Stress Disorder, depression, anxiety, and difficulty sleeping.  The major life activities include but are not limited to working, concentrating, and sleeping.

49.     Shortly after the inmate attack incident, Plaintiff requested time off from work by presenting to Michael Cavenaugh the required supporting documentation from Plaintiff's psychiatric counselor.  Defendant Cavenaugh refused to give Plaintiff time off, stating Plaintiff would be fine and had to continue working.  Plaintiff's condition became so substantial and unbearable that he discontinued working from about April 2007 to December 2008.  Upon Plaintiff's return to work, Plaintiff was able to perform the essential functions of his job with reasonable accommodations.  Plaintiff presented to Reynaldo Dimaano and Vida McMillen documentation from his treating psychiatric counselor that, among other things, identified Plaintiff's diagnoses and stated Plaintiff should not work alone - that staff should be around him during his shifts with inmates.  Dimaano and McMillen disregarded Plaintiff's request for reasonable work accommodations, and assigned Plaintiff to a department in NKSP in which Plaintiff worked alone with inmates for four months before being terminated.

50.     Plaintiff is informed and believes, and thereon alleges, that State of California, CDCR,

ANDERSON & ASSOCIATES<br>140 South Lake Avenue, Suite 372<br>Pasadena, CA 91101-4592<br>Tel (626) 449-8133 • Fax (626) 449-8041

-8-

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

1   and/or NKSP intentionally assigned Plaintiff because of his disability and to adversely affect his

2   opportunities, and further terminated Plaintiff on the basis of his disability.

3          51.    As a result, Plaintiff suffered damages in the form of lost privileges and benefits of

4   employment, nightmares, sleep deprivation, fear, anxiety, other emotional distress, and other damages

5   to be proven at trial.

6          52.    Plaintiff is informed and believes, and thereon alleges, that the above-recited

7   defendants conspired to and did perform these actions with malice, fraud or oppression, and in

8   reckless disregard of Plaintiff' rights, meriting an award of punitive damages.

9   **FOURTH CLAIM FOR DEFAMATION**

10   **(Against the State of California, CDCR, NKPS, Michael Cavenaugh, Alan Tom, Leif Agbayani,**

11   **Alfred Castro, Milagros Albano, Evelyn Dionisio, Reynaldo Reyes, Phillip Mallory, and Does 1-**

12   **20)**

13          53.    Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth

14   herein.

15          54.    Plaintiff is informed and believes, and thereon alleges, that Defendants Michael

16   Cavenaugh, Alan Tom, Leif Agbayani, Alfred Castro, Milagros Albano, Evelyn Dionisio, Reynaldo

17   Reyes, Phillip Mallory, Does 1 through 20, conspired with each other to, and did, intentionally publish

18   false and libelous statements concerning Plaintiff.  Attached collectively hereto as **Exhibit "E"** and

19   incorporated by this reference are those false publications made by the above-noted defendants.

20          55.    Plaintiff is informed and believes, and thereon alleges, that Defendants Mike

21   Cavenaugh, Alfred Castro, Evelyn Dionisio, Alan Tom, and Lief Agbayani also slandered Plaintiff on

22   or about April 10, 2008, by orally publishing defamatory statements to Michael Poore, and possibly

23   others.  Those statements are noted in **Exhibit "F"** and incorporated herein by this reference as what

24   Plaintiff is informed and believes were the oral statements made by the defendants.

25          56.    In sum, these publications falsely state that Plaintiff was sleeping during work hours,

26   not performing his rounds to check on patients during his shift, making false shift log entries of his

27   rounds, and other similar purported misconduct.

28          57.    These defamatory publications were made in a way that reasonably prevented Plaintiff

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4942
Tel (626) 449-8151 • Fax (626) 449-8041

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

1  from knowing of their publication at the time.  Plaintiff learned about these defamatory publications

2  on or about April 14, 2009.

3       58.    The defamatory publications referred to and identified Plaintiff by name throughout,

4  were made of and concerning Plaintiff, and were so understood by those who read and heard the

5  publications.

6       59.    The statements were false as they pertain to Plaintiff, and defame Plaintiff on their face

7  as to Plaintiff's reputation, veracity, and professional capacity, among other things.

8       60.    Plaintiff is informed and believes, and thereon alleges, that said Defendants published

9  these defamatory statements to various other persons in NKSP, the California Board of Registered

10  Nursing, and other third persons.

11       61.    Plaintiff is informed and believes, and thereon alleges, that the defamatory statements

12  were not privileged, but made with malice, hatred, and ill will towards Plaintiff, intentionally

13  orchestrated to cause, among other injuries, the termination of Plaintiff's employment and, thereafter,

14  Plaintiff's Registered Nurse license.

15       62.    As a result of Defendants' defamatory statements, Plaintiff suffered damages, including

16  but not limited to lost privileges and benefits of employment, costs for defending himself in the

17  licence proceedings, nightmares, sleep deprivation, fear, anxiety, post traumatic stress disorder,

18  depression, other emotional distress, and other damages to be proven at trial.

19       63.    Plaintiff is informed and believes, and thereon alleges, that the above-recited

20  defendants conspired to and did perform these actions with malice, fraud or oppression, and in

21  reckless disregard of Plaintiff' rights, meriting an award of punitive damages.

22                    **FIFTH CLAIM FOR INJUNCTION**

23            **(Against the State of California, CDCR, NKPS, and Does 1-20)**

24       64.    Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth

25  herein.

26       65.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by and through

27  Michael Cavenaugh and others, fabricated employment-related misconduct by Plaintiff, such as

28  "write-ups" of dishonesty, uncooperativeness, and sleeping on the job, and further proivded testimony

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4912
Tel (626) 449-8131 • Fax (626) 449-8041

-10-

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

to the California Department of Consumer Affairs regarding the same misconduct.

66.     Plaintiff is informed and believes, and thereon alleges, that said defendants intended that misconduct to have long-term consequences against Plaintiff by not just causing the termination of Plaintiff's employment with NKSP, but also the termination of Plaintiff's Registered Nurse license with the California Board of Registered Nursing.

67.     As a direct result of said Defendants' misconduct, and in reliance thereon, the California Department of Consumer Affairs filed an Accusation (bearing Case No. 2009-309) and initiated a licensing proceeding against Plaintiff before the Board of Registered Nursing.  The Department of Consumer Affairs currently seeks to terminate Plaintiff's license as a Registered Nurse. Attached hereto as **Exhibit "G"** is a true and correct copy of the Accusation.

68.     Trial on the above-referenced licencing matter is scheduled for March 22, 2010. Unless immediately enjoined so that the matter can fully be litigated herein, Plaintiff faces a substantial likelihood of termination of his Registered Nurse license based on fabricated evidence, and irreparable loss of his rights in the future as a result.  Plaintiff has no adequate remedy at law and faces grave and irreparable injury should he have his license terminated and its stain on his record.

69.     Plaintiff requests relief from this Court in the form of a temporary restraining order, preliminary injunction, and/or any other form of statutory and equitable relief not only to maintain the status quo but also permit Plaintiff to litigate fully the above-raised issues on their merits.

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4492
Tel (626) 449-8133 • Fax (626) 449-8041

-11-
**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

# DEMAND FOR RELIEF

70.     Temporary Restraining Order and Preliminary Injunction.

71.     At least $2,195,578.70 in lost wages and benefits until retirement.

72.     At least $1,000,000 in emotional distress.

73.     At least $5,000,000 in punitive damages.

74.     Attorney's fees and costs according to proof.

75.     Prejudgment interest according to proof.

76.     Any other relief the Court or jury deems proper.

77.     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  March 12, 2010                         **ANDERSON & ASSOCIATES**

                                        By:  _____
                                             Michael D. Anderson
                                             Patrick Vardapour
                                             Attorneys for Plaintiff
                                             RAM NEHARA

ANDERSON & ASSOCIATES
140 South Lake Avenue, Suite 372
Pasadena, CA 91101-4902
Tel (626) 449-8181 • Fax (626) 449-8041

**COMPLAINT FOR (1) RETALIATION (2) IIED (3) DISABILITY DISCRIMINATION (4) DEFAMATION (5) INJUNCTION**

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2010-00030 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ramu S. Nehava | (661) 663-0655 | 04-20-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10200 Grizzly St., Bakersfield, CA 93311 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORTH KERN STATE PRISON | 500 or More | (661) 721-2345 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2737 W. Cecil Avenue, Delano, CA 93215 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 03-10-2006 | 04-30-2009 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I had been employed by North Kern State Prison since or about March 10, 2006, as a Registered Nurse. Since that day until April 30, 2009, I was subjected to the different terms and conditions of employment by Rey Demmano, Filipino, Supervisory Registered Nurse. On April 30, 2009, I was discharged by Ashraf Yusuf, Mediterranean, Chief Medical Officer.

II. On April 30, 2009, Ashraf Yusuf, Chief Medical Officer, told me that I was being discharged due to poor performance, dishonesty, and insubordination. However, no reason was given to me for the different terms and conditions of employment.

III. I believe I was retaliated against for complaining and discriminated because of my national origin, Indian, race, Asian, and disability, which is violation of Title VII of the Civil Rights Act of 1964, as amended and violation of American with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10/28/9   *Ramu Nehava*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

**EXHIBIT "B"**

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

H ☐  4800 Stockdale Hwy., Suite 215
Bakersfield, CA 93309
(661) 395-2729

C ☐  1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

R/S ☐  1055 West Seventh Street,
Suite 1400
Los Angeles, CA 90017
(213) 439-6799

M ☐  1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

E ☐  2000 "O" Street, Suite 120
Sacramento, CA 95811
(916) 445-5523

D ☐  1350 Front Street, Suite 1063
San Diego, CA 92101
(619) 645-2681

A ☐  San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

G ☐  2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

K ☐  2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Ms. Lydia Hense
Human Resources
North Kern State Prison
2737 W. Cecil Avenue
Delano, CA 93215

EEOC Number:
480-2010-00030
Case Name:
Ramu S. Nehava
Date:11/9/2009

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

### No response to the DFEH is required by the respondent.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN
Deputy Director, Employment

DFEH-200-02 (06/09)

# EXHIBIT "C"

STATE OF CALIFORNIA - State and Consumer Services Agency                                                                     ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



### AMENDED CHARGE

TTY # (800) 700-2320

| | | | |
|---|---|---|---|
| ☐ H | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 | Ms. Lydia Hense<br>Human Resources<br>North Kern State Prison<br>2737 W. Cecil Avenue<br>Delano, CA 93215 | EEOC Number:<br>480-2010-00030<br><br>Case Name:<br>Ramu S. Nehara<br>Date: 1/25/2010 |
| ☐ C | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 | | |
| ☐ R/S | 1055 West Seventh Street,<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 | | |
| ☐ M | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 | | |
| ☐ E | 2000 "O" Street, Suite 120<br>Sacramento, CA 95811<br>(916) 445-5523 | | |
| ☐ D | 1350 Front Street, Suite 1083<br>San Diego, CA 92101<br>(619) 645-2681 | | |
| ☐ A | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 | | |
| ☐ G | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 | | |
| ☐ K | 2101 East Fourth Street, Suite 265-B<br>Santa Ana, CA 92705<br>(714) 558-4266 | | |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN
Deputy Director, Employment

DFEH-200-02 (06/09)

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the *Privacy Act* of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA | |
| | | ☒ EEOC | 480-2010-00030 |
| California Department Of Fair Employment & Housing | | | and EEOC |
| *State or local Agency, if any* | | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Ramu S. Nehava    RAM S. Nehara | (661) 663-0655 | 04-20-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10200 Grizzly St, Bakersfield, CA 93311 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| NORTH KERN STATE PRISON | 500 or More | (661) 721-2345 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2737 W. Cecil Avenue, Delano, CA 93215 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-10-2006   Latest: 04-30-2009

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

## AMENDED CHARGE

I.   I had been employed by North Kern State Prison since or about March 10, 2006, as a Registered Nurse. Since that day until April 30, 2009, I was subjected to the different terms and conditions of employment by Rey Demmano, Filipino, Supervisory Registered Nurse. On April 30, 2009, I was discharged by Ashraf Yusuf, Mediterranean, Chief Medical Officer.

II.  On April 30, 2009, Ashraf Yusuf, Chief Medical Officer, told me that I was being discharged due to poor performance, dishonesty, and insubordination. However, no reason was given to me for the different terms and conditions of employment.

III. I believe I was retaliated against for complaining and in particular about being forced by custody staff, my supervisors and colleagues to sign a false official incident report and later on officially complaining to management about this. I was also discriminated against because of my national origin, Indian, race, Asian, and disability, which is violation of Title VII of the Civil Rights Act of 1964, as amended and violation of American with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 01/20/2010        Ram Nehala | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date              Charging Party Signature | |

EEOC Form 6 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 480-2010-00030 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ramu S. Nehava    RAM S. Nehaza | (661) 663-0655 | 04-20-1966 |

Street Address City, State and ZIP Code

**10200 Grizzly St., Bakersfield, CA 93311**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (if more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **NORTH KERN STATE PRISON** | **500 or More** | **(661) 721-2345** |

Street Address City, State and ZIP Code

**2737 W. Cecil Avenue,  Delano, CA 93215**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **03-10-2006**   Latest: **04-30-2009**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## AMENDED CHARGE

I.   I had been employed by North Kern State Prison since or about March 10, 2006, as a Registered Nurse.  Since that day until April 30, I was subjected to the different terms and conditions of employment by Rey Demmano, Filipino, Supervisory Registered Nurse.  On April 30, 2009, I was discharged by Ashraf Yusuf, Mediterranean, Chief Medical Officer.

II.  On April 30, 2009, Ashraf Yusuf, Chief Medical Officer, told me that I was being discharged due to poor performance, dishonesty, and insubordination.  However, no reason was given to me for the different terms and conditions of employment.

III. I believe I was retaliated against for complaining and in particular about being forced by custody staff, my supervisors and colleagues to sign a false official incident report and later on officially complaining to management about this.  I was also discriminated against because of my national origin, Indian, race, Asian, and disability, which is violation of Title VII of the Civil Rights Act of 1964, as amended and violation of American with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 01/20/2010     Ram Nehela Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT "D"

STATE OF CALIFORNIA – State and Consumer Services Agency                                                                     ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



## AMENDED CHARGE

TTY # (800) 700-2320

| | |
|---|---|
| ☐ H | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| ☐ C | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 |
| ☑ R/S | 1055 West Seventh Street,<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| ☐ M | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| ☐ E | 2000 "O" Street, Suite 120<br>Sacramento, CA 95811<br>(916) 445-5523 |
| ☐ D | 1350 Front Street, Suite 1083<br>San Diego, CA 92101<br>(619) 645-2681 |
| ☐ A | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 |
| ☐ G | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 |
| ☐ K | 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 |

Ms. Lydia Hense
Human Resources
North Kern State Prison
2737 W. Cecil Avenue
Delano, CA 93215

EEOC Number:
480-2010-00030

Case Name:
Ramu S. Nehara

Date: 1/25/2010

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation into your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN
Deputy Director, Employment

DFEH-200-02 (06/09)

# EXHIBIT "E"

3/30/07

ON 3/18/07 while working as Contraband OFFicer in the Contraband room, I reported to work a 2200 hours 3/w. At 2205 hours the nurse came in to check on the inmates, At around sometime after the FiRST count 0030 hours, the nurse came in again to check on inmates. At sometime after the third count which is 0445 count, the nurse came in again to check on the inmates, I did not observe the nurse in the Contraband room other than those three times.

Sincerely _____

Date:        March 28, 2007

To:          M. Cavenaugh, SRN 111

Subject:     R. Nehara R.N.


On 3-19-07,  I was assigned on 1st Watch to do a suicide watch on Inmate Buckley in Central Health  Horseshoe Cell # 102. Across from cell # 102 is cell # 145,  which housed an Inmate for psych overflow. The psych overflow was assigned to R. Nehara, and E. Dionisio R.N. also on 1st Watch.

At approximately between 2200-0000, I witnessed RN Nahera checked on Horse Shoe 145.  I do not know how many times RN Nahera did his rounds between that time (2200-0000) for I was not paying attention.  My job was to do a suicide watch on Horse Shoe 102.  I did not witness RN Nahera after 0000.  Towards the end of the shift RN Evelyn approached me and asked if when was the last time I've seen RN Nahera and I told her that I have not seen him for a while.  The last time that I've seen RN Nahera past 0000 was at approximately 0600.  A few minutes after 0600 I was relieved by RN Jemelyn.


Leif Agbayani MTA

3/24/07

The Specialty Clinic / Transfer RN office recently was transferred to formerly the Chief Dental Office. I work as the 1st Watch Transfer RN & on 3/18/07 at around 2215 hrs, while I was inside the office reviewing the list of inmates to be transferred, Mr. R. Nehara RN came in just to have a look at the new office. By 2230, while I was about to leave the room, Mr. R. Nehara wanted to be in the room for a while. So I proceeded to the yard to pick up medications & other pertinent papers to go along w/ the transfer envelopes. After this, I got to the R & R to arrange these envelopes to their respective schedules and monitor inmates according to their needs. I spent most of my time at the R & R during remaining hrs. of my shift. By 6:20 am, I returned at the office.

Reynaldo M. Reyes RN

March 20, 2007

I worked as Mental Health overflow on 10/19/07 22-06. There were (7) seven inmate/patients. So, there were 2 RN's assigned as MH overflow. R. Nehara did (3) three patients, (2) two in contraband and (1) one in Horseshoe holding cell. I did (4) four patients in R&R. On the start of the shift R. Reyer mentioned that R. Nehara is staying in Transfer Room. I have (4) four patients in R&R, (2) two of them are acting bizarre. So I decided to just stay there.

At around maybe 0300, I went to CTC to get some food. I asked MTA Azbayan, who is doing 1:1 SW in one Horseshoe-holding cell, if he saw R. Nehara doing his round. He told me, he just saw him on the start of the shift. I went back to R&R.

I came back to T&TA @ 0600 to give report to incoming shift. R. Nehara was not there yet. Then after a while he came. Ms Albino asked him "You just woke up?" & he replied "yes".


Evelyn Dionisio, RN

# MEMORANDUM



Date:        March 19, 2007

To:          E. Rivera
             Associate Warden

Subject:     **REGISTERED NURSE RAM NEHARA**

On Monday, March 19, 2007, at approximately 0555 hours, I was conducting a security search of the Correctional Treatment Center (CTC). As I approached the final door located at the end of the hallway of the administration offices, I observed Registered Nurse (RN) Ram Nehara asleep in a chair. RN Nehara head was tilted backwards and his feet were on another chair. I knocked on the glass window and opened the office door, as I opened the door RN Nehara opened his eyes and looked towards my direction. I asked if he was ok, RN Nehara stated, "Yah". RN Nehara stood up and stretched up his arms, as I exited the Transfer Nurses Office RN Nehara exited the office and returned back to the Treatment and Triage area to his assigned post.

If you have any questions regarding this issue you can contact me at extension 5943 or 6120.

A. Castro
Central Operation Sergeant
North Kern State Prison

STATE OF CALIFORNIA

**EMPLOYEE COUNSELING RECORD**

DEPARTMENT OF CORRECTIONS

CDC 1123 (8/88)

DISTRIBUTION: SUPERVISOR
EMPLOYEE

**THIS DOCUMENT IS NOT TO BE PLACED IN EMPLOYEE'S PERSONNEL FILE**

| EMPLOYEE | CIVIL SERVICE CLASSIFICATION | DATE |
|---|---|---|
| Nehara, Ram | Registered Nurse | 3/3/07 |

LIST NAMES AND TITLES OF PERSONS ATTENDING DISCUSSION (OTHER THAN EMPLOYEE AND SUPERVISOR)

This is to confirm our discussion concerning:
(Be specific-use dates, times, places, actions, etc.)

On 2/17/07, I was informed by RN Desantiago that the sharp count was incorrect. I asked you if you had counted in the morning. However, you stated you did not. It is imperative that the accountability of the sharps be maintained due to security reasons. Further, if you find the count to be incorrect, you must contact the supervisor at once.

It has been brought to my attention that you were not performing your duties in the TTA on 2/17/07. Furthermore, several staff members approached me stating that you were acting unprofessional and discourteous. This type of behavior will not be tolerated because people perceive this behavior as threatening. You are responsible for your work area. If you feel you need assistance, ask the nurse, but don't expect nurses to do your job.

Action Plan
1. Accountability must be maintained every shift
2. Read post orders
3. Notify supervisor at once if count is incorrect
4. Stop any behavior that may be perceived as hostile
5. Treat all staff with respect and dignity
6. Maintain professionalism at all times
7. If you are having problems with staff, notify supervision at once to resolve problem

Follow-up meeting to be held on _____ On going _____   *T McMillan RN* 3/29/17

DATE                                    SUPERVISOR SIGNATURE

This is to confirm that I have participated in and have knowledge of the above discussion on _____.
In signing this I do not necessarily agree with the conclusion of my supervisor.

» *Refused to Sign* _____

EMPLOYEE SIGNATURE

Employee Comments:

STATE OF CALIFORNIA            DEPARTMENT OF CORRECTIONS

**EMPLOYEE COUNSELING RECORD**
CDC 1123 (8/88)                                             DISTRIBUTION: SUPERVISOR
                                                                   EMPLOYEE

**THIS DOCUMENT IS NOT TO BE PLACED IN EMPLOYEE'S PERSONNEL FILE**

| EMPLOYEE<br>JEHARA, RAM | CIVIL SERVICE CLASSIFICATION<br>*Registered Nurse* | DATE<br>*3/29/07* |
|---|---|---|

LIST NAMES AND TITLES OF PERSONS ATTENDING DISCUSSION (OTHER THAN EMPLOYEE AND SUPERVISOR)

This is to confirm our discussion concerning:
(Be specific-use dates, times, places, actions, etc.)

    On March 7, 2007  inmate Morataya  V733241 returned from outpatient services. He was screened by you.  He was not entered in the TTA log book.  The request for services form was signed by you.  The medication order was not initiated.  The order for Vibramycin 100mg PO Bid was not carried out.  On march 14, the specialty nurse discovered the error. The medication was ordered. On March 15, 2007 on McMillon SRNII  questioned you in regard to the medication . You stated that orders were rewritten by you and sent to the pharmacy. The order was sent to medical records.The pharmacy profiles and medical records filing for all current loose filing were researched. The staff did not locate any of the information you stated you had completed. The patient not receiving his medication in  a  timely manner is a medication error resulting in a delay in his healing process.

Action Plan

- Screen inmate and chart of every inmate returning from out patient services.
- Enter all patients in the TTA log book.
- Carry out orders as directed.
- Place all orders in the chart for filing.
- Send a copy of the order to the pharmacy.
- Send a copy of order to the yard the patient is housed in.
- Clarify orders with Physicians.

Follow-up meeting to be held on _____
                                  DATE                *V McMillon RNII*  *3/29/07*
                                                         SUPERVISOR SIGNATURE

This is to confirm that I have participated in and have knowledge of the above discussion on _____.
In signing this I do not necessarily agree with the conclusion of my supervisor.

»_____*Refused to Sign*_____
                                                EMPLOYEE SIGNATURE

Employee Comments:

Wednesday, February 21, 2007

TO WHOM IT MAY CONCERN:

This is statement of concern regarding Ram Nehara R.N. While providing care for an inmate in the Triage and Treatment Area I asked Mr. Nehara for an intramuscular needle and syringe to administer an injection in the right deltoid of an inmate. Mr Nehara returned with a 20 gauge needle. I commented that the gauge of the needle was too large and inquired why I was given a 20 gauge. Mr. Nehara stated: "That is the only size that we have." Knowing this to be false I personally went and got a 23 gauge needle and administered the injection. When I asked Mr Nehara why he had confabulated that there was no smaller gauge needle he responded, "The inmate deserves to have the largest gauge needle we have!" This deviant demeanor needs to be brought to fruition to hinder any further untoward actions Mr Nehara may impose on the CDCR inmate population in the future. This entire event was discussed with Lori De Saniago R.N. Our signatures below attest to the veracity of the aforementioned statements.

Phillip A Mallory FNP _____ 02/21/2007

Lori De Santiago _____ RN 3/21/07

# EXHIBIT "F"

STATE OF CALIFORNIA – STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor



State of
California
Department of
Consumer
Affairs

DIVISION OF INVESTIGATION
1130 East Shaw Avenue, Suite 109
Fresno, California 93710
(559) 244-4931



## BOARD OF REGISTERED NURSING

**CASE:** 2007-06-0507

**DATE:** June 5, 2008

**FINAL REPORT**

### SUBJECT

| | |
|---|---|
| Name: | **NEHARA, RAM SINGH** |
| Aliases: | Unknown |
| Residence Address: | 10200 Grizzly Street |
| | Bakersfield, CA 93311 |
| Residence Telephone: | (661) 663-0655 |
| Description: | Male/East Indian/Adult; HT: 5'11"; WT: 180 lbs |
| | Black hair; Black eyes |
| Date of Birth: | 04/20/1968 |
| CA Driver License: | D7539936 |
| Occupation: | Registered Nurse |
| Professional License: | 667935- Issued 10/20/2005; Expires 05/31/2009 |
| Business Address: | North Kern State Prison |
| | 2737 West Cecil Avenue |
| | Delano, CA 93216 |
| Business Telephone: | (661) 721-2345 |

### COMPLAINT INFORMATION

| | |
|---|---|
| Board Case Number: | RN 2007001023 |
| Date(s) of Occurrence: | 3/18/07 through 3/19/07 |
| Date Board Received Complaint: | 4/10/07 |

### CHARGES ARE CRIMINAL

**Penal Code Section 471.5** – Any person who alters or modifies the medical record of any person, with fraudulent intent, or who, with fraudulent intent, creates any false medical record, is guilty of a misdemeanor. The Statute of limitations expired on 3/18/08.

SUBJECT: NEHARA, RAM SINGH
CASE NO.: 2007-06-0507

**CHARGES ARE ADMINISTRATIVE**- (Referred to the Board for review and appropriate action)

**Business and Professions Code Section 2761(a)**- Unprofessional conduct, an administrative violation.

## SYNOPSIS OF INVESTIGATION

The Board of Registered Nursing received a complaint from Michael P. Cavenaugh, RN, that Ram Nehara, RN, while working at North Kern State Prison, fell asleep during his shift and failed to perform thirty (30) minute behavior checks on his assigned patients. The complainant, witnesses and subject were interviewed. Relevant documents were obtained. Two witnesses stated that Nehara did not perform the 30 minute checks as required. One witness stated that he observed Nehara sleeping during the shift. The subject denied the allegation. This investigative report is submitted to the Board for review and appropriate action.

## SYNOPSIS OF COMPLAINT

On 4/10/07, the Board of Registered Nursing (Board) received a complaint from Michael Cavenaugh, Director of Nursing for North Kern State Prison, in Delano California, dated 4/4/07 (Attachment #1). Mr. Cavenaugh reported that on March 18, 2007, it was discovered that Ram Nehara, RN, failed to make the required behavioral checks on three "inmates/psyche" patients. Nehara was observed sleeping in a chair. It was discovered that he falsified the Patient Observation Record when he falsely documented he made the required thirty minute checks.

## NARRATIVE

On 6/15/07, the Board requested the Division of Investigation conduct an investigation into the allegations against Ram Nehara, RN.

## REVIEW OF COMPLAINT

According to complainant Michael Cavenaugh, Nehara was employed as a registered nurse at North Kern State Prison in Delano, California. On 3/18/07, Nehara began his shift at 2200 hours. He was assigned to provide care for three inmates who were psychiatric patients. Nehara was to provide thirty (30) minutes checks on these three patients. He was to document the checks in the Patient Observation Record.

At 2230 hours Nehara was observed in an office by a member of the prison staff. At 0555 hours the following morning, a Sergeant observed Nehara sleeping in a chair. Several nurses, who were providing patient care during the same shift, reported they did not observe Nehara making his required checks. The staff observed Nehara coming in when he first arrived for his shift, but stated they did not see him making additional checks, as required. A review of the Patient Observation Record indicated that Nehara had recorded he had made each of the required thirty minute checks.

In February of 2007, a Nurse Practitioner working with Nehara asked him to prepare a syringe for a deltoid injection. Nehara handed the NP a 20 gauge needle. The NP asked for a smaller needle.

SUBJECT: NEHARA, R___ SINGH
CASE NO.: 2007-06-0507                                           **Page 10**

the TTA (Treatment and Triage Area). It was further noted in the counseling that Nehara was acting in an unprofessional and discourteous manner. Nehara refused to sign the form.

On 3/27/07, Nehara received a mini-memo for failing to stock the TTA and put away supplies in the Central Supply Room after being instructed to do so.

On 3/29/07, Nehara was counseled for failing to initiate a medication order, which delayed in the healing process of a patient. Nehara refused to sign the form.

## INTERVIEW WITH SERGEANT ALFRED CASTRO, NORTH KERN STATE PRISON

On 4/10/08, I interviewed Alfred Castro, Correctional Sergeant for the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, CA. Sgt. Castro reported the following information, in summary:

Sgt. Castro was working as a Correctional Sergeant in the Correctional Treatment Center (CTC) at North Kern State Prison on 3/19/07. He reported to work prior to his shift, which began at 0600 hours. He stated that he began checking offices in the CTC to make sure the doors were secure. When he reached one of the last doors down the CTC corridor, he observed Nehara sitting in a chair with his head tilted back and his feet on another chair. He stated he observed Nehara in this position for approximately 15 to 30 seconds. Sgt. Castro knocked on the glass window and opened the office door. Nehara began opening his eyes and looked towards Sgt. Castro. Sgt. Castro stated that Nehara continued to bat his eyes. Sgt. Castro said Nehara's eyes were red and it appeared as if he had just woken up. Sgt. Castro asked Nehara if he was OK. Nehara stated, "Yah", stood up, and stretched his arms. Sgt. Castro exited the office and checked one additional door further down the corridor. As he was doing so, Nehara exited the office. Sgt Castro denied that he had any involvement in the situation where Nehara was attacked by an inmate. He stated he had nothing personal against Nehara and that this was not the first time he had written a memo against somebody.

Subsequent to Castro's interview, he reviewed the memorandum he wrote on 3/19/07 documenting that he observed Nehara sleeping. He stated the document was a true and accurate reflection of his recollections. Castro signed a Declaration with the memorandum attached attesting to the information contained within it (Attachment #7).

End of interview.

## INTERVIEW WITH EVELYN DIONISIO, RN, NORTH KERN STATE PRISON

On 4/10/08, I interviewed Evelyn Dionisio, RN, for the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, CA. Dionisio reported the following information, in summary:

Dionisio stated that she was working as an RN at North Kern State Prison during a shift that began at 2200 hours on 3/18/07 and ended at 0600 hours on 3/19/07. Dionisio stated that she recalled Nehara was assigned to monitor psych overflow patients. He was assigned to monitor

SUBJECT: NEHARA, R.... SINGH
CASE NO.: 2007-06-0507                                    Page 11

one (1) inmate patient in the holding horseshoe cell and two (2) inmate patients in the contraband area. Dionisio stated MTA Leif Agbayani was performing 1 on 1 monitoring of an inmate on suicide watch in the horseshoe area, directly adjacent to one of the inmate patients Nehara was supposed to be monitoring. Later in the shift, Dionisio asked Agbayani if he had seen Nehara. Agbayani told Dionisio that he had only seen Nehara at the start of his shift.

Dionisio stated that she believed Nehara was working overtime during the shift. She stated he usually works 3rd watch, whose shift is from 1400 to 2200 hours. Dionisio stated she usually works second shift, but came in early on 3/19/07 to work an overtime shift. Dionisio stated that she does not work with Nehara frequently, but has observed him dozing off on previous shifts. She stated she has seen him sit in chairs and doze off, including during a shift where he was assigned to provide 1 on 1 monitoring of inmate patients on suicide watch.

Dionisio stated that Rey Reyes, RN, asked her at the beginning of their shift what Nehara was doing in the transfer office at the end of the CTC hall. Dionisio stated she did not know. **It should be noted that this is the office where Sgt. Castro later observed Nehara sleeping.** Dionisio stated that Nehara walked into the TTA sometime after 0600 hours. She stated she overheard Milagros Albano, RN, ask Nehara, "You just woke up?" Dionisio stated that Nehara replied, "Yes."

Dionisio reported that she never noticed any conflict between Nehara and Michael Cavenaugh, SRN III, prior to the incident.

Subsequent to Dionisio's interview, she reviewed the letter she wrote on 3/20/07 documenting the incident involving Nehara. She stated the document was a true and accurate reflection of her recollections. Dionisio signed a Declaration with the letter attached attesting to the information contained within it (Attachment #8).

End of interview.

## INTERVIEW WITH MILAGROS ALBANO, RN, NORTH KERN STATE PRISON

On 4/10/08, I interviewed Milagros Albano, RN, for the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, CA. Albano reported the following information, in summary:

Albano stated that she reported to work as an RN during the 2nd watch at North Kern State Prison on 3/19/07. She stated she was told Nehara was caught sleeping, but doesn't recall the details. She stated she was seated in the TTA at approximately 0600 with an outgoing RN when Nehara came in and stood by them. She jokingly asked Nehara, "Did you just wake up?" She stated she asked him this because she heard that Nehara was sleeping; however, she does not recall who told her that. Albano did not recall what Nehara replied in response to her question.

End of interview.

SUBJECT: NEHARA, R... / SINGH                                    **Page 12**
CASE NO.: 2007-06-0507

## INTERVIEW WITH ALAN TOM, CORRECTIONAL OFFICER, NORTH KERN STATE PRISON

On 4/10/08, I interviewed Alan Tom, Correctional Officer, for the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, CA. Tom reported the following information, in summary:

> Tom stated that he was assigned to work as a Correctional Officer (CO) monitoring inmates in the contraband holding area at North Kern State Prison during a shift that started at 2200 hours on 3/18/07 and ended at 0600 hours on 3/19/07. He stated he recalled the incident involving Nehara that occurred during the shift. Tom stated that approximately seven (7) or eight (8) days after the incident, Cavenaugh, SRN III, approached him and asked him to write a letter documenting his observations.

> Tom stated that he observed Nehara conduct checks on the inmate patients in the contraband holding cells on three occasions, at the most. Tom stated that he would have been aware if Nehara had conducted checks on any additional occasions. Tom stated that the doors to the contraband holding cells are locked and the nurse is required to knock on the door for entry. Tom stated that Nehara definitely did not conduct 30 minute checks on the inmates in the contraband holding cells.

> Tom said he observed Nehara make a 1st check of the patients at around 2205 hours. He stated that Nehara made a second check at approximately 0030 hours. He stated Nehara may have made a third visit around 0445 hours. Tom said he could not recall if the third visit was Nehara checking on the patients or another CO conducting an inmate count.

> Subsequent to Tom's interview, he reviewed the letter he wrote on 3/30/07 documenting the incident involving Nehara. He stated the document was a true and accurate reflection of his recollections. Tom signed a Declaration with the letter attached attesting to the information contained within it (Attachment #9).

End of interview.

## INTERVIEW WITH LEIF AGBAYANI, LVN, NORTH KERN STATE PRISON

On 4/10/08, I interviewed Leif Agbayani, LVN, for the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, CA. Agbayani reported the following information, in summary:

> Agbayani stated that he was working as a MTA at North Kern State Prison during a shift that started at 2200 hours on 3/18/07 and ended at 0600 hours on 3/19/07. Agbayani stated he was assigned to provide 1 on 1 monitoring of an inmate patient who was on suicide watch. He stated his patient was located in the horseshoe area of the CTC. Agbayani stated that Nehara was supposed to be performing 30 minute checks of a psych overflow inmate patient who was being held in a cell a few feet away from his patient in the horseshoe area of the CTC.

SUBJECT: NEHARA, RAM SINGH
CASE NO.: 2007-06-0507                                          Page 13

Agbayani stated he observed Nehara perform checks on his patient in the horseshoe area from approximately 2200 to approximately 0000 hours. Agbayani stated he did not observe Nehara check on the patient after approximately 0000 hours. Agbayani stated he checks the time frequently when doing suicide watch. At approximately 0000, he stated he noted that it was unusual because Nehara was not doing his rounds. Dionisio approached Agbayani and asked if he had seen Nehara. Agbayani reported he had not. Agbayani stated he would have observed Nehara if he was doing his rounds. He reiterated that the patients they were assigned to monitor were only separated by a couple of feet. Agbayani stated the next time he saw Nehara after 0000 hours was at approximately 0600 hours.

Subsequent to Agbayani's interview, he reviewed the letter he wrote on 3/28/07 documenting the incident involving Nehara. He stated the document was a true and accurate reflection of his recollections. Agbayani signed a Declaration with the letter attached attesting to the information contained within it (Attachment #10).

End of interview.

## SUBJECT'S STATMENT

Nehara denied falling asleep and failing to perform the thirty (30) minute behavioral checks. He stated that he watched his patients and documented appropriately. Nehara claims he was singled out for retribution because he complained that he was attacked due to a correctional officer failing to properly supervise an inmate patient.

## FINDINGS

The investigation revealed that Nehara did not make the thirty (30) minute behavioral checks on his assigned patients. Two witnesses stated Nehara did not make the checks. One witness stated they observed Nehara sleeping during his assigned shift. The patients' records reveal that Nehara falsely logged that he made the thirty (30) minute behavioral checks. This investigative report is being submitted to the Board for review and appropriate action.

## EVIDENCE

Evidence obtained during the course of this investigation by Senior Investigators Gary L. Hudson and Michael Poore is listed as attachments and is being submitted to the Board with this report. Copies are not being maintained in the Division's Central Valley Field Office.

## ATTACHMENT

1.    Complaint by Michael Cavenaugh, SRN III, North Kern State Prison.

2.    Signed Declaration of Ram Nehara.

3.    Notice of Adverse Action concerning Michael Cavenaugh, SRN III.

# EXHIBIT "G"

1   EDMUND G. BROWN JR., Attorney General
       of the State of California
2   GLORIA A. BARRIOS
       Supervising Deputy Attorney General
3   HEATHER HUA, State Bar No. 223418
       Deputy Attorney General
4   300 So. Spring Street, Suite 1702
    Los Angeles, CA 90013
5   Telephone: (213) 897-2574
    Facsimile: (213) 897-2804
6
    Attorneys for Complainant
7

8

9                           BEFORE THE
                    BOARD OF REGISTERED NURSING
10             DEPARTMENT OF CONSUMER AFFAIRS
                     STATE OF CALIFORNIA
11

12   In the Matter of the Accusation Against:      Case No. 2009-309

13   RAM SINGH NEHARA
     10200 Grizzly Street                          A C C U S A T I O N
14   Bakersfield, CA 93311

15   Registered Nurse License No. 667935

16                                  Respondent.

17

18          Complainant alleges:

19                              **PARTIES**

20          1.      Ruth Ann Terry, M.P.H., R.N. ("Complainant") brings this Accusation

21   solely in her official capacity as the Executive Officer of the Board of Registered Nursing

22   ("Board"), Department of Consumer Affairs.

23          2.      On or about October 20, 2005, the Board issued Registered Nurse License

24   Number 667935 to Ram Singh Nehara ("Respondent"). Respondent's registered nurse license

25   was in full force and effect at all times relevant to the charges brought herein and will expire on

26   May 31, 2011, unless renewed.

27   ///

28   ///

                                        1

## STATUTORY AND REGULATORY PROVISIONS

3.     Business and Professions Code ("Code") section 2750 provides, in pertinent part, that the Board may discipline any licensee for any reason provided in Article 3 (commencing with section 2750) of the Nursing Practice Act.

4.     Code section 2761 states, in pertinent part:

The board may take disciplinary action against a certified or licensed nurse or deny an application for a certificate or license for any of the following:

(a) Unprofessional conduct, which includes, but is not limited to, the following:

(1) Incompetence, or gross negligence in carrying out usual certified or licensed nursing functions . . .

5.     California Code of Regulations, title 16, section ("Regulation") 1442 states:

As used in Section 2761 of the code, 'gross negligence' includes an extreme departure from the standard of care which, under similar circumstances, would have ordinarily been exercised by a competent registered nurse. Such an extreme departure means the repeated failure to provide nursing care as required or failure to provide care or to exercise ordinary precaution in a single situation which the nurse knew, or should have known, could have jeopardized the client's health or life.

## COST RECOVERY

6.     Code section 125.3 provides, in pertinent part, that the Board may request the administrative law judge to direct a licentiate found to have committed a violation or violations of the licensing act to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case.

## FIRST CAUSE FOR DISCIPLINE

### (Gross Negligence)

7.     At all times herein mentioned, Respondent was employed as a registered nurse at North Kern State Prison in Delano, California.

8.     On March 18, 2007, Respondent worked the night shift (Respondent began his shift at 2200 hours) and was assigned to provide care to three inmates/psychiatric patients

///

2

1   who were on suicide watch.  Respondent was required as part of his duties to check on each

2   patient every 30 minutes and to document those checks on the Patient Observation Records.

3       9.      Respondent is subject to disciplinary action pursuant to Code section

4   2761, subdivision (a)(1), on the grounds of unprofessional conduct, in that on or about March 18,

5   2007, and March 19, 2007, Respondent was guilty of gross negligence within the meaning of

6   Regulation 1442, as follows:  Respondent falsified the inmates' medical records by documenting

7   on the Patient Observation Records that he made the required 30 minute checks on the three

8   inmates when, in fact, Respondent was asleep from approximately 0000 to 0430 hours.

9                    **SECOND CAUSE FOR DISCIPLINE**

10                        **(Unprofessional Conduct)**

11      10.     Respondent is subject to disciplinary action pursuant to Code section

12   2761, subdivision (a), in that on or about March 18, 2007, and March 19, 2007, while employed

13   as a registered nurse at North Kern State Prison in Delano, California, Respondent committed

14   acts constituting unprofessional conduct, as follows:  Respondent accepted an overtime shift

15   causing him to be fatigued and slept during his shift, as set forth in paragraph 9 above, preventing

16   him from caring for his patients in a diligent manner.

17                              **PRAYER**

18      WHEREFORE, Complainant requests that a hearing be held on the matters herein

19   alleged, and that following the hearing, the Board of Registered Nursing issue a decision:

20      1.      Revoking or suspending Registered Nurse License Number 667935, issued

21   to Ram Singh Nehara;

22      2.      Ordering Ram Singh Nehara to pay the Board of Registered Nursing the

23   reasonable costs of the investigation and enforcement of this case, pursuant to Business and

24   Professions Code section 125.3;

25   ///

26   ///

27   ///

28   ///

3.   Taking such other and further action as deemed necessary and proper.

DATED: _6/5/09_

RUTH ANN TERRY, M.P.H., R.N.
Executive Officer
Board of Registered Nursing
Department of Consumer Affairs
State of California

Complainant

4