EDMUND G. BROWN JR.,
Attorney General of California
HELENE E. SWANSON, State Bar No. 130426
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 620-3005
 Fax:          (213) 897-2804
 E-mail:  Helene.Swanson@doj.ca.gov
*Attorneys for Defendant*
*California Board of Registered Nursing,*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAM NEHARA,**<br><br>             Plaintiff,<br><br>      v.<br><br>**STATE OF CALIFORNIA, ET AL.,**<br><br>             Defendants. | CASE NO.:  1:10-CV-00491-OWW-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date:         April 15, 2010<br>Time:         12:00 p.m.<br>Courtroom:   3<br>Judge:        Hon. Oliver W. Wanger |

On April 15, 2010, plaintiff RAM NEHARA's motion for a temporary restraining order and preliminary injunction was heard by the Honorable Oliver W. Wanger in Courtroom 3 of the above-referenced court.  Michael D. Anderson, Esq. of Anderson & Associates appeared by telephone on behalf of plaintiff, and Helene E. Swanson, Deputy Attorney General with the Office of the Attorney General, California Department of Justice, appeared by telephone on behalf of defendant California Board of Registered Nursing (Board).  After considering the moving and opposing papers, and oral argument of counsel, the Court denies with prejudice the motion for a temporary restraining order and preliminary injunction, on the following grounds:

1.        Plaintiff's motion is denied because he has not exhausted his administrative

1

PDF created with pdfFactory trial version www.pdffactory.com

remedies in state court, nor has plaintiff shown an excuse applies to him or that these remedies are not effective.  An administrative tribunal has been convened and an administrative law judge (ALJ) heard testimony from the parties during a hearing, and took his decision under submission.  After the ALJ submits his proposed decision in writing to the Board, the Board has 100 days in which to adopt or reject the proposed decision.  If the plaintiff does not agree with the decision which is adopted by the Board, there are procedures for review of that decision by the Superior Court under California Code of Civil Procedure section 1094.5 et seq., and the Superior Court's order is subject to review via a petition to the Court of Appeal of the State.  Ultimately, the decision is reviewable by the United States Supreme Court, if a petition is granted by that court.

    2.    Plaintiff's motion is also denied based upon the *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), and *Rooker-Feldman* (*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923)) abstention doctrines.  Pursuant to *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990), the federal and state courts have concurrent jurisdiction over employment discrimination claims under Title 7 of the Civil Rights Act of 1964 (42 U.S.C.S. 2000e et seq.).  The State of California has an important local interest in regulating the practice of California nurses to assure their continued competence and to protect the public's safety, health and welfare.  The Board has the power to investigate and determine whether their nursing licenses should be suspended, revoked or otherwise disciplined, based upon justified circumstances and good cause. Under the *Younger* abstention doctrine, the federal court should abstain from issuing injunctive relief which would interfere with the ongoing, quasi-judicial state administrative case, and the administrative tribunal has concurrent authority to decide issues concerning plaintiff's competency as a nurse and his registered nursing license.  *Rooker-Feldman* is also invoked here, where plaintiff is requesting that the federal court interfere with the ongoing state administrative case, in which ALJ Humberto Flores has already heard testimony and taken his ruling under submission, for a decision within 30 days of the administrative hearing.

    3.    Moreover, the motion is denied because plaintiff has not demonstrated a valid basis for injunctive relief.  Under the four-part test set forth in *Winter v. NRDC, Inc.*, 129 S. Ct.

365, 172 L. Ed. 2d 249 (2008), the party seeking an injunction must demonstrate: (1) a likelihood that he will succeed on the merits; (2) the possibility that, without an injunction, he will suffer irreparable injury; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  With respect to (1), the Court in effect cannot make a determination of the likelihood of plaintiff's success on the merits, due to the extent of the evidentiary dispute on the underlying claims which exists.  Also, there is no reason why plaintiff cannot call the same witnesses he has identified in the state proceeding in state court, as well as in federal court.

As for (2), the plaintiff has not shown he will suffer an irreparable injury if an injunction does not issue.  Plaintiff is not currently working as a nurse, and he needs a licensing decision so that the current uncertainty over his license status does not continue indefinitely.  Consequently, there will be more harm done by not having the ALJ issue a decision, than there would be by allowing the ALJ to issue his decision, which is imminent.

With regard to factors (3) and (4), it would not serve the best interests of the public if the federal court were to issue an injunction enjoining the state licensing case, and if it failed to extend comity to the elaborate state standards and procedural mechanisms of California for reviewing licensure disputes in the field of nursing, and pursuant to the full faith and credit clause under 28 U.S.C.A. section 1738.

4.     Plaintiff's motion for a temporary restraining order is also denied because he has failed to submit facts showing that he could _not_ have sought relief by motion for preliminary injunction at an earlier date, without the necessity for seeking last-minute relief by motion for temporary restraining order.  Eastern District Local Rule 231(b), Fed. R. Civ. P. 65.

DATED: May 10, 2010              /s/ OLIVER W. WANGER
                                 JUDGE OF THE UNITED STATES DISTRICT
                                 COURT FOR THE EASTERN DISTRICT OF
                                 CALIFORNIA

LA2008602181
50629538.doc

3

ORDER DENYING PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION  (1:10-CV-00491-OWW-SKO)

PDF created with pdfFactory trial version www.pdffactory.com