1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NEHARA, an individual,<br><br>                           Plaintiff,<br><br>   v.<br><br>THE STATE OF CALIFORNIA*, et al.,*<br><br>                    Defendants. | 1:10-CV-00491-OWW-SMS<br><br>MEMORANDUM DECISION RE:<br>DEFENDANT STATE OF<br>CALIFORNIA'S MOTION TO DISMISS<br>(Doc. 20.) |

I.  INTRODUCTION.

Defendant State of California moves to dismiss Plaintiff Ram Nehara's complaint on grounds, among others, that the State is immune from liability under the Eleventh Amendment.  Defendant also moves to strike the punitive damages claim based on the punitive damages bar contained in § 818 of the California Government Code. Plaintiff Ram Nehara has filed opposition, to which Defendant has replied.

1

1

**II.   FACTUAL AND PROCEDURAL BACKGROUND.**

**This case involves allegations of retaliation, disability discrimination, defamation, and intentional infliction of emotional distress at North Kern State Prison ("NKSP").  Plaintiff, a former registered nurse at NKSP, alleges that his former employer retaliated against him on December 22, 2006 by leaving him alone with a mentally unstable and violent inmate, who assaulted him and left him with serious injuries.  According to Plaintiff, he was retaliated against for complaining about discriminatory overtime and shift assignments.  Plaintiff further alleges that his former employer forced him to manipulate the incident report and subjected him to baseless administrative proceedings, including an internal affairs investigation and disciplinary hearing.[1]**

_____

[1] Defendant's motion provides a summary of Plaintiff's allegations:

> Plaintiff alleges that he is a national of India and began working for CDCR as a Registered Nurse at NKSP in March 2006.  Prior to December 2006 Plaintiff complained to NKSP administrators about discriminatory overtime and shift assignments.  In retaliation for these complaints, co-workers and managers at NKSP conspired to leave a mentally unstable inmate in his work area unguarded and unrestrained because there was a substantial likelihood that the inmate would attack him – which he asserts occurred in December 2006.  Plaintiff also alleges that the correctional officer who left the inmate unattended in his work area was motivated to do so by Plaintiff's nationality.  Following the attack Plaintiff drafted an incident report, but was forced to change the contents of the report by managers and employees at NKSP.

> Plaintiff further alleges that he was subjected to a meritless internal affairs investigation and that disciplinary proceedings were initiated by the California Board of Registered Nurses.  According to Plaintiff, many of the individually named defendants made defamatory

1    **Plaintiff was terminated from NKSP on April 30, 2009.  On June**
2    **5, 2009, Plaintiff was issued an "Accusation" from the California**
3    **Department of Consumer Affairs, charging him with gross negligence**
4    **and unprofessional conduct.  (Doc. 1, Exh. G.)  On October 28, 2009**
5    **and January 25, 2010, Plaintiff filed complaints with the Equal**
6    **Employment Opportunity Commission ("EEOC") alleging discrimination**
7    **and retaliation.   (Doc. 1, Exhs. A & C.)**

8    **On March 17, 2010, Plaintiff commenced this action against the**
9    **State of California, the California Department of Corrections, and**
10   **several correctional officers/employees.[2]   Plaintiff pled five**
11   **causes of action:  (1) retaliation against all state entity**
12   **Defendants;   (2) intentional infliction of emotional distress**
13   **against all Defendants; (3) disability discrimination against all**
14   **state entity Defendants; (4) defamation against all Defendants; and**
15   **(5) injunction against all state entity Defendants.**

16   **On March 18, 2010, Plaintiff filed a motion for a temporary**
17   **restraining   order   and   preliminary   injunction,   arguing   that**

18

19   ────────────────

20       statements during the course of investigations initiated
         by internal affairs and Department of Consumer Affairs.
21       On April 30 2009, Plaintiff was terminated from NKSP. On
         June 5, 2009, the Department of Consumer Affairs, through
22       the Board of Registered Nursing, issued an Accusation
         against Plaintiff charging him with gross negligence and
23       unprofessional conduct.  On or about October 28, 2009 and
         January 25, 2010, Plaintiff filed complaints with the Equal
24       Employment  Opportunity  Commission  ("EEOC")  alleging
         discrimination and retaliation.
25

26   (Doc. 20-1 at 2:18- 3:11.) (citations omitted)

27
         [2] As of July 9, 2010, it is unclear what parties are active
28   participants in this litigation.

**3**

California Board of Nursing should be enjoined from adjudicating or

enforcing any action concerning Plaintiff's nursing license.   At

the time, Plaintiff was the subject of disciplinary proceedings

conducted by the Board of Nursing/Department of Consumer Affairs.

Oral argument was held on April 15, 2010 and the motion was denied

on May 11, 2010:

> Plaintiff's motion is denied because he has not
> exhausted his administrative remedies in state court,
> nor has plaintiff shown an excuse applies to him or
> that these remedies are not effective.   An
> administrative tribunal has been convened and an
> administrative law judge (ALJ) heard testimony from the
> parties during a hearing, and took his decision under
> submission.   After the ALJ submits his proposed
> decision in writing to the Board, the Board has 100
> days in which to adopt or reject the proposed decision.
> If the plaintiff does not agree with the decision which
> is adopted by the Board, there are procedures for
> review of that decision by the Superior Court under
> California Code of Civil Procedure section 1094.5 et
> seq., and the Superior Court's order is subject to
> review via a petition to the Court of Appeal of the
> State. Ultimately, the decision is reviewable by the
> United States Supreme Court, if a petition is granted
> by that court [...]

> Plaintiff's motion is also denied based upon the
> Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27
> L.Ed.2d 669 (1971), and Rooker-Feldman (District of
> Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486
> (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413,
> 415-416 (1923)) abstention doctrines. Pursuant to
> Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820,
> 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990), the federal
> and state courts have concurrent jurisdiction over
> employment discrimination claims under Title 7 of the
> Civil Rights Act of 1964 (42 U.S.C.S. 2000e et seq.).
> The State of California has an important local interest
> in regulating the practice of California nurses to
> assure their continued competence and to protect the
> public's safety, health and welfare. The Board has the
> power to investigate and determine whether their
> nursing licenses should be suspended, revoked or
> otherwise disciplined, based upon justified
> circumstances and good cause. Under the Younger
> abstention doctrine, the federal court should abstain
> from issuing injunctive relief which would interfere
> with the ongoing, quasi-judicial state administrative
> case, and the administrative tribunal has concurrent

**4**

authority to decide issues concerning plaintiff's competency as a nurse and his registered nursing license. Rooker-Feldman is also invoked here, where plaintiff is requesting that the federal court interfere with the ongoing state administrative case, in which ALJ Humberto Flores has already heard testimony and taken his ruling under submission, for a decision within 30 days of the administrative hearing.

(Doc. 22 at 1:28-2:26.)

The motion was also denied on grounds that Plaintiff failed to satisfy the four-part test for injunctive relief of *Winter v. NRDC, Inc.*, 129 S. Ct. 365 (2008).   (Id. at 2:27-3:17.)

On April 30, 2010, Defendant State of California moved to dismiss Plaintiff's complaint on three grounds: (1) the State has not waived its sovereign immunity under the Eleventh Amendment; (2) Plaintiff did not exhaust his administrative remedies under Title VII; and (3) Plaintiff's complaint lacks sufficient factual content to survive a Rule 12(b) challenge.[3]

Plaintiff opposed the motion on June 28, 2010.   (Doc. 23.)


III.   **LEGAL STANDARD**.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to

---

[3] In connection with its motion to dismiss, Defendant State of California submitted a request for judicial notice pursuant to Fed. R. Evid. § 201.   Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The documents are properly considered as they comprise a complete set of administrative documents from the EEOC and DFEH, which form the basis for Plaintiff's allegations and their filing and existence are not subject to dispute, although their contents are disputed.   The request is GRANTED.

dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions

of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Preliminary Matters

As a preliminary matter, Defendant correctly notes that Plaintiff does not provide a constitutional, statutory, or legal basis for his claims. Although the "common allegations" portion of the complaint refers to the "EEOC" and "FEHA" *generally*, there is no further development or delineation of the foundation for each claim, i.e., the legal basis for each cause of action.[4]   As a

---

[4] The lack of clarity applies with equal force to Plaintiff's state law claims, i.e., whether they are "common law" or "statutory" causes of action.

further example, Plaintiff's first claim for retaliation is five paragraphs of "retaliation" facts.  Absent from the heading and/or body of the retaliation claim is any indication as to whether the claim is advanced pursuant to Title VII, the FEHA, or some other statutory/common law theory.  Here, the complaint is severely underdeveloped and does not enumerate a legal basis for each cause of action.

### B.   Defendant's Rule 12(b) Motion

Defendant State of California now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the following claims: (1) retaliation; (2) disability discrimination; (3) intentional infliction of emotional distress; (4) defamation; and (5) injunction.

### 1.   *Retaliation Claim*

Plaintiff's first cause of action alleges retaliation against the State of California, the California Department of Corrections, and the NKSP.  Defendant State of California moves to dismiss Mr. Nehara's retaliation claim on grounds that it is barred under the Eleventh Amendment.

The Eleventh Amendment bars suit against a state unless Congress has abrogated state sovereign immunity or the state has waived it.  *Holley v. California Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010).  In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), the Supreme Court stated: "[E]ach State is a sovereign entity in our federal system; and [...] it is inherent in the nature of sovereignty not to be amenable to the

1   suit of an individual without its consent."  *Id*. at 54.

2       There are, however, two "well-established" exceptions to the
3   Eleventh Amendment bar: legislative abrogation of immunity by
4   express congressional intent under its Fourteenth Amendment powers,
5   and waiver of immunity by a state itself.  *Atascadero State Hosp.*
6   *v. Scanlon*, 473 U.S. 234, 238 (1985). Here, with respect to his
7   retaliation claim, Defendant invokes the first *Atascadero*
8   exception: "Given that Plaintiff's suit is based on 42 U.S.C.
9   2000e-3 of Title VII, Plaintiff properly sued Defendant State of
10  California in this Court."  Plaintiff is correct.  By enacting
11  Title VII under its Fourteenth Amendment powers, Congress abrogated
12  the sovereign immunity of states to suits under Title VII.  *See,*
13  *e.g., Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).   The
14  Eleventh Amendment does not bar Nehara's claim under Title VII.

15      Defendant nonetheless argues that Nehara's Title VII claim is
16  foreclosed because he failed to exhaust his administrative
17  remedies.  Defendant explains:

18          Before bringing suit under Title VI[,] [Nehara] is
            required to exhaust his administrative remedies by
19          filing a charge of discrimination with the EEOC or
            appropriate state agency, receiving a "right to sue"
20          letter, and initiating a timely civil suit. Failure to
            observe these requirements renders a suit subject to
21          dismissal.  Here, plaintiff pled that he filed a charge
            with the EEOC and received a right-to-sue, but did not
22          attach a copy of his right to sue letter from the EEOC
            demonstrating the requisite exhaustion.
23

24  (Doc. 24 at 3:7-3:15.)

25      In his opposition brief, Nehara submits that he incorrectly
26  attached the DFEH "right-to-sue" letter to the complaint, i.e., he
27  attached the DFEH sue letter in place of the EEOC sue letter.  He
28  requests that if the motion is granted, it be granted *with leave to*

*amend* so that he can attach the correct "right-to-sue" letter to his pleading.

Here, as discussed in § IV(A), *supra*, Plaintiff does not identify the basis for his retaliation claim, but his opposition makes clear that his retaliation claim is based on the Title VII framework, not the California FEHA.  Accordingly, his Title VII retaliation claim survives an Eleventh Amendment challenge.  To the extent Plaintiff advances a FEHA-based retaliation claim, it is barred by the doctrine of sovereign immunity.  *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("California has not waived its immunity to FEHA actions in federal court.") (citation omitted).

Plaintiff, however, fails to attach his EEOC "right-to-sue" letter, which is a prerequisite to filing a suit under Title VII. As such, his retaliation claim is DISMISSED WITHOUT PREJUDICE.  Any amended complaint shall be filed by August 15, 2010 and conform with Rules 8 and 11 of the Federal Rules of Civil Procedure.

### 2.   *Disability Discrimination Claim*

Plaintiff's disability discrimination claim is flawed for the same reasons as his retaliation claim.  Plaintiff does not identify the legal basis for his disability discrimination cause of action. It is entirely unclear if his disability discrimination claim originates from the FEHA, the ADA, or some other statute/common law authority.

Defendant argues that whether Plaintiff's disability claim is advanced under the FEHA or the ADA, the result is the same:  the claim is barred under the Eleventh Amendment.  Plaintiff's four-

1 page opposition does not respond to Defendant's sovereign immunity
2 arguments.

3      The analysis begins with the general rule that a State is
4 shielded from suit in federal court unless it waives its sovereign
5 immunity or Congress has validly abrogated state sovereign immunity
6 in the applicable statute. *See Kentucky v. Graham*, 473 U.S. 159,
7 167 n. 14 (1985). Here, Plaintiff's complaint and opposition are
8 silent as to whether either exception applies. Assuming, *arguendo*,
9 that Plaintiff advances his claims under the FEHA or ADA, his claim
10 is inconsistent with well-established Supreme Court and Ninth
11 Circuit precedent. First, in *Freeman v. Oakland Unified Sch.*
12 *Dist.*, 179 F.3d at 847, the Ninth Circuit held that the Eleventh
13 Amendment bars suits against the State of California for FEHA
14 claims made in federal court. *See also Grosz v. Lassen Community*
15 *College Dist.*, 360 F. App'x 795, 799 (9th Cir. 2009) (applying
16 Freeman to affirm district court's dismissal of FEHA claims). To
17 the extent Plaintiff advances a FEHA-based disability
18 discrimination claim, it is barred under *Freeman*.

19      The same analysis applies to a claim advanced under the ADA.
20 In *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356
21 (2001), the Supreme Court held that Congress did not have the power
22 to abrogate the States' Eleventh Amendment immunity under Title I
23 of the ADA. To the extent Plaintiff advances a disability
24 discrimination claim under Title I of the ADA, it is foreclosed
25 under *Garrett*. Further, as Plaintiff advances employment-based
26 discrimination claims, any claim under Title II of the ADA is
27 barred pursuant to *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d
28 1169 (9th Cir. 1999). *See id.* at 1173 (holding that Title II of

11

the ADA does not apply to claims of employment discrimination).

The motion is GRANTED and the Plaintiff's disability discrimination claim is DISMISSED WITH PREJUDICE.

### 3.   *State Law Claims - IIED/Defamation*

Defendant advances three arguments to support dismissal of Plaintiff's state law claims for IIED and defamation: (1)  they are barred by the doctrine of sovereign immunity; (2) Plaintiff failed to exhaust his administrative remedies; and (3) the IIED claim is barred by the exclusive remedy provision of state workers' compensation law.

Plaintiff provides a limited response: Government Code § 815.2(a) provides liability since that statute makes a government entity liable for the torts committed by employees who act within the scope of employment.   Plaintiff's argument is headed: "Plaintiff Stated A Claim For Relief for His Common Law Claims."

At the outset, it is important to note that Plaintiff has not identified an abrogation or an express waiver of immunity to suit in federal court, as required by *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).   Rather, Plaintiff responds that § 815.2(a), a subsection of the California Tort Claims Act, constitutes a waiver of sovereign immunity as to *common law claims*. Plaintiff's argument is misplaced.   There is no common law tort liability for public entities in California;   instead, such liability must be based on statute.[5]   Cal. Gov. Code § 815(a);

_____

[5] *See also Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public entities").

12

*Michael J. v. Los Angeles County Dept. of Adoptions*, 201 Cal. App. 3d 859, 866 (1988) ("Under the Act, governmental tort liability must be based on statute; all common law or judicially declared forms of tort liability, except as may be required by state or federal Constitution, were abolished."). It is unclear how a statute allowing vicarious tort liability – in defined circumstances – amounts to a waiver of sovereign immunity for *common law claims*. Plaintiff does not provide a single case citation where § 815.2(a) was analyzed and applied to waive the State's immunity from suit in federal court.[6]

Even assuming that Plaintiff's claims have the proper statutory support, he fails to plead and show proof of compliance with the California Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995). Where compliance with the Claims Act is required, the plaintiff has the burden of pleading and proving compliance with the California Government Claims Act. *Id*. In sum, the filing of a timely claim is an essential element of a cause of action against a public

_____

[6] Waiver of sovereign immunity is strictly construed in favor of the sovereign and not enlarged beyond what the language requires.

1    entity or employee and must be properly alleged in the complaint.

2        Here, Plaintiff's complaint contains no allegation of

3    compliance with the California Tort Claims Act.

4        Plaintiff's state law claims for IIED and defamation are

5    DISMISSED WITH PREJUDICE.   There is no common law tort liability

6    for public entities in California and Plaintiff has failed to

7    exhausted his administrative remedies as he did not plead or prove

8    his compliance with the Government Claims Act.   The motion is

9    GRANTED without leave to amend.

10

11                4.   *"Injunction" Claim*

12       Plaintiff's fifth cause of action seeks injunctive relief

13   against Defendant, purportedly to stop the Department of Consumer

14   Affairs from conducting disciplinary hearings.  (Compl. ¶¶ 64-69.)

15   However, on March 18, 2010, Plaintiff filed an identical motion for

16   temporary injunctive relief.   On May 11, 2010, the motion was

17   denied on grounds that he did not exhausted his administrative

18   remedies in state court.   The motion was also denied based on

19   *Younger* abstention and Plaintiff's failure to satisfy the four-part

20   test of *Winter v. NRDC, Inc.*, 129 S. Ct. 365 (2008).   The

21   complaint's "injunctive" claim is MOOT.

22       A request for injunctive relief by itself does not state a

23   cause of action. *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th

24   967, 984-85 (2003).   Even if this request is construed as

25   derivative of all other alleged causes of action, Plaintiff still

26   bears the burden of showing that he is likely to succeed on the

27   merits, that he is likely to suffer irreparable harm in the absence

28   of preliminary relief, that the balance of equities tip in his

                                14

favor, and that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008).

Because a request for injunctive relief by itself does not state a cause of action, the claim is dismissed for failure to state a claim upon which relief may be granted as no underlying basis for injunctive relied exists.  Plaintiff also has not pled facts that satisfy the *Winters* factors.[7]  Plaintiff's cause of action for injunctive relief is DISMISSED WITH PREJUDICE.

### C.  *Motion to Strike Punitive Damages*

The complaint, in its concluding prayer for relief, seeks "at least $5,000,000 in punitive damages."  Defendant moves to strike the punitive damages claims on grounds that punitive damages are not available against the State.

Rule 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "[T]he function of

---

[7] As explained in the May 11, 2010 Memorandum Decision, Plaintiff's claim for injunctive relief does not satisfy the first *Winters* factor - likelihood of success on the merits.  This ends the inquiry under *Winters*.  *See Doe v. Reed,* 586 F.3d 671, 681 n.14 (9th Cir. 2009) ("Because we conclude that Plaintiffs have failed to satisfy the first *Winter* factor - likelihood of success on the merits - we need not examine the three remaining *Winter* factors.").

a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  "[A] motion to strike maybe used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D.Cal. 1996).

Defendant's motion to strike is GRANTED.  As all parties agree, § 818 bars any award of punitive damages against a public entity.[8]  *See* Cal. Govt. Code § 818 (public entity not liable for punitive damages)*; Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991).

Plaintiff concedes he cannot recover punitive damages against an entity, but states that his concession extends "only as [...] to the State of California."  (Doc. 23 at 3:23-3:24.)  To the extent Plaintiff seeks punitive damages against individual defendants, such parties must be served and brought into the lawsuit.  As of July 9, 2010, it is unclear what state agencies and employees are "active members" to this litigation, i.e., have been served with a summons and complaint.

## V.   CONCLUSION.

For the reasons stated:

---

[8] California Government Code § 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."

1    **(1)   Plaintiff's   retaliation   claim   is   DISMISSED   WITHOUT**
2    **PREJUDICE;**

3    **(2)   Plaintiff's disability discrimination claim is DISMISSED**
4    **WITH PREJUDICE;**

5    **(3) Plaintiff's state law claims for IIED and defamation are**
6    **DISMISSED WITH PREJUDICE;**

7    **(4) Plaintiff's fifth cause of action for injunctive relief is**
8    **DISMISSED WITH PREJUDICE; and**

9    **(5) As to Defendant State of California, Defendant's motion to**
10   **strike the punitive damages request is GRANTED.**

11

12   **Defendant State of California shall submit a form of order**
13   **consistent with, and within five (5) days following electronic**
14   **service of, this memorandum decision.**

15

16   **Any amended complaint shall be filed within fifteen ("15")**
17   **days following date of electric service of this decision.**

18

19   IT IS SO ORDERED.

20   **Dated:    July 14, 2010**                          /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE