**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAM NEHARA, | 1:10-cv-00491-OWW-JLT |
|         Plaintiff, | MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 48) |
|   v. | |
| STATE OF CALIFORNIA, et al., | |
|         Defendants. | |

## I. INTRODUCTION.

Plaintiff Ram Nehara ("Plaintiff") proceeds against Defendants the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), and North Kern State Prison ("NKSP") with an action for damages. Plaintiff also names thirteen individuals as Defendants.

On August 19, 2010, the state entity Defendants filed a motion to dismiss the Plaintiff's first amended complaint ("FAC"). (Doc. 48). Plaintiff filed opposition to the motion to dismiss on October 12, 2010. (Doc. 50). State entity Defendants filed a reply to Plaintiff's opposition on October 15, 2010. (Doc. 52).

## II. FACTUAL BACKGROUND.

This case involves allegations of misconduct by various individuals at North Kern State Prison. Plaintiff, a former registered nurse at NKSP, alleges that his former employer

**1**

retaliated against him on December 22, 2006 by leaving him alone with a mentally unstable and violent inmate, who assaulted him and left him with serious injuries. According to Plaintiff, he was retaliated against for complaining about discriminatory overtime and shift assignments. Plaintiff further alleges that his former employer forced him to manipulate the incident report and subjected him to baseless administrative proceedings, including an internal affairs investigation and disciplinary hearing.  Plaintiff was terminated from NKSP on April 30, 2009.  On June 5, 2009, Plaintiff was issued an "Accusation" by the California Department of Consumer Affairs, charging him with gross negligence and unprofessional conduct.

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b) (6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal

quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for

1  summary judgment." *Id*. at 908.

## IV. DISCUSSION

State entity Defendants move for dismissal on the basis of sovereign immunity. *See, e.g.*, *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (Eleventh Amendment to the United States Constitution prohibits federal courts from hearing suits brought against an unconsenting state). Plaintiff's opposition to the motion to dismiss concedes that his claims against the CDCR and State of California are barred by sovereign immunity. (Opposition at 2) ("in light of the immunity provided by the 11th Amendment...[Plaintiff] withdraws his claims against the State Defendants"). Plaintiff also concedes that, to the extent NKSP is a state agency, it is also entitled to dismissal based on sovereign immunity. (Id.); *see Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity); *Flemming v. California Adult Authority*, 433 F.2d 991 (9th Cir. 1970) (citing *Allison* with approval). However, Plaintiff contends that "it is entirely unclear whether NKSP is a public or private entity." (Id.).

The FAC fails to allege facts sufficient to support an inference that NKSP is subject to suit. The FAC provides: "Plaintiff is informed and believes...that...NKSP is an agency of the State of California, or a government entity of unknown form." (FAC at 2). As Plaintiff concedes, to the extent NKSP is a state agency, it is entitled to immunity. The FAC must be dismissed.

Defendants contend they are entitled to dismissal with prejudice, citing California Government Code section 12838 and

California Penal Code Sections 5000 and 5003 in support of the contention that NKSP is entitled to immunity as a matter of law; none of these statutes are sufficient to support dismissal with prejudice on the current record. California Government Code section 12838 creates the CDCR, and California Penal Code sections 5000 and 5003 establish the CDCR's jurisdiction over certain prisons. NKSP is not enumerated in section 5003, however. Although it appears that NKSP is a state prison entitled to immunity, these statutes do not conclusively established this, nor does the complaint or by Defendants' motion. The dismissal shall be without prejudice as to Plaintiff's claims against NKSP.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's claims in this court against the State of California and the CDCR are DISMISSED, with prejudice;

2) Plaintiff's claims against NKSP are dismissed, without prejudice;

3) Defendants shall submit judicially noticeable evidence, if they have any, establishing NKSP's status as a state agency within five (5) days following service of this order if Defendants seek dismissal with prejudice. Plaintiff shall submit objections to any such evidence submitted by Defendant within five (5) days of Defendants submission; and

4) Defendant shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk. Plaintiff shall file an amended complaint within fifteen (15) days following the filing of the order. Defendant shall file its response within fifteen (15)

1 | days of receipt of the amended complaint.

3 | IT IS SO ORDERED.

4 | **Dated:   October 25, 2010**               /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE