UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NEHARA,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | 1:10-cv-00491-OWW-JLT<br><br>**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 48)** |

## I. INTRODUCTION.

Plaintiff Ram Nehara ("Plaintiff") proceeds against Defendants the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), and North Kern State Prison ("NKSP") with an action for damages. Plaintiff also names thirteen individuals as Defendants.

On November 5, 2010, the court dismissed Plaintiffs First Amended Complaint ("FAC") for failure to state a claim against NKSP. (Docs. 54, 56). Plaintiff filed a Second Amended Complaint ("SAC") on November 18, 2010. (Doc. 57).

## II. FACTUAL BACKGROUND.

This case involves allegations of misconduct by various individuals at North Kern State Prison. Plaintiff, a former registered nurse at NKSP, alleges that his former employer retaliated against him on December 22, 2006 by leaving him alone

**1**

with a mentally unstable and violent inmate, who assaulted him and left him with serious injuries. According to Plaintiff, he was retaliated against for complaining about discriminatory overtime and shift assignments. Plaintiff further alleges that his former employer forced him to manipulate the incident report and subjected him to baseless administrative proceedings, including an internal affairs investigation and disciplinary hearing.  Plaintiff was terminated from NKSP on April 30, 2009.  On June 5, 2009, Plaintiff was issued an "Accusation" by the California Department of Consumer Affairs, charging him with gross negligence and unprofessional conduct.

### III. <u>LEGAL STANDARD</u>.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV. **DISCUSSION**

**A. State Law Tort Claims Against NKSP**

Defendants seek dismissal of Plaintiff's state tort claims against NKSP on the basis of sovereign immunity. Plaintiff has conceded that, to the extent NKSP is an agency of the State of California, Plaintiff's tort claims against NKSP are barred by sovereign immunity. However, Plaintiff maintains that whether NKSP is a state entity is an open question because the SAC alleges both that NKSP is a state entity and that it is not. Plaintiff's argument is nonsensical, and the record demonstrates that the SAC was filed in violation of Federal Rule of Civil Procedure 11 and applicable standards of professional conduct.[1]

"[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *accord Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009) (noting power of district court to resolve factual disputes on a motion to dismiss implicating subject matter jurisdiction). Once challenged, the party asserting subject matter

---

[1] Rule 11 requires counsel to conduct an inquiry reasonable under the circumstances before presenting any pleading written, motion, or other paper to the court. *See* Fed. R. Civ. P. 11. The record establishes that Plaintiff signed documents and received notices from the CDCR and State of California which reveal that NKSP is a State prison run by the CDCR, and that his employment at NKSP was also employment with the CDCR and the State of California. At best, counsel failed to conduct a reasonable factual investigation into his claim that NKSP is not a state entity by failing to adequately discuss the matter with Plaintiff to access available public records that establish the public nature of the prison. At worst, counsel knowingly advanced a frivolous contention in repeated filings. Under either scenario, counsel violated Rule 11.

**4**

jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

Defendants have submitted evidence establishing that NKSP is an agency of the State of California. Defendants provide the sworn declaration of Maurice Junious, the acting warden at NKSP. Junious states that he has worked for the CDCR for over twenty-five years and was appointed acting warden by Matthew Cate, Secretary of the CDCR. Junious states that NKSP is operated by the State through the CDCR, and attached to Junious' declaration are adverse action notices sent from the CDCR to Plaintiff concerning his employment. Defendants also submit a document signed by Plaintiff setting forth Plaintiff's conditional acceptance of employment with the CDCR; this document memorializes Plaintiff's understanding that he could be subject to "separation from *employment with the Department of Corrections and the State of California*." (Doc. 66, Junious Decl., Ex. 2) (emphasis added).[2] In light of the uncontroverted record evidence it cannot be maintained that NKSP is not a state prison operated by the CDCR, Plaintiff's tort claims against NKSP are DIMISSED, with prejudice. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity); *Flemming v. California Adult Authority*, 433 F.2d 991 (9th Cir. 1970) (citing *Allison* with approval).

**B. State Law Tort Claims Against Individual Defendants**

Before a state law claim for damages can be brought against a

---

[2] Plaintiff objects that the documents are not properly authenticated. Even absent the documentary evidence, Junious' declaration is sufficient to establish NKSP's status.

California public entity or its employees, a claim must be filed with the Victim Compensation and Government Claim Board ("Board") and rejected. Cal. Gov't Code, §§ 911.2, 945.4, 950.2, 950.6; *State of California v. Superior Court*, 32 Cal.4th 1234, 1240 (Cal. 2004). "Failure to allege facts demonstrating or excusing compliance with the claims presentation requirement subjects a claim against a public entity to a demurrer for failure to state a claim." *State of California v Superior Court*, 32 Cal.4th at 1239.

Plaintiff contends that he was not required to file a tort claim with the Board because NKSP is not a public entity. Alternatively, Plaintiff contends, without citation of authority, that his failure to exhaust administrative remedies should be excused because he did not have reason to know that individual defendants were public employees. Documentary evidence on the record establishes that Plaintiff's contentions are frivolous, without support in law, and are advanced in violation of Rule 11. All Plaintiffs' unexhausted tort claims against individual defendants are DISMISSED, with prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) All Plaintiff's state law tort claims against NKSP and individual defendants are DISMISSED, with prejudice;

2) Plaintiff shall file an amended complaint within fifteen days following electronic service of this memorandum decision, and Defendants shall file a response within fifteen days of service of an amended complaint; and

3) Defendants shall submit a form of order consistent with this memorandum decision within five days following electronic

**6**

1  service of this decision.
2  IT IS SO ORDERED.
3  **Dated:   August 2, 2011**                           **/s/ Oliver W. Wanger**
                                                        UNITED STATES DISTRICT JUDGE