UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NEHARA, <br><br>    Plaintiff, <br><br>    v. <br><br>THE STATE OF CALIFORNIA, et al., <br><br>    Defendants. | Case No.: 1:10-cv-00491 JLT <br><br>ORDER AUTHORIZING FILING MOTION RE: DISCOVERY DISPUTE <br><br>ORDER AMENDING SCHEDULING ORDER (Doc. 86) |

In this case, Plaintiff claims that he was subject to discrimination and retaliation in the work place. Before the Court is the mid-discovery status conference.

At the conference, Defendants' counsel reported that the parties are currently involved in several disputes. In the first, Plaintiff has refused to permit medical care providers to comply with subpoenas based, at least in part, upon the psychiatrist-patient privilege. Defendants contend that Plaintiff has placed these records at issue given his claim that he has suffered severe emotional harm and post traumatic stress disorder as a result of the actions of the Defendants.

In the second dispute, Defendants contend that Plaintiff has raised non meritorious objections to each and every discovery request made in their request for production of documents and has failed to provide all responsive documents. Plaintiff reports that he will provide a supplemental response within two weeks.

1

1  Finally, Plaintiff contends that he needs to take at least 17 depositions and Defendants
2  anticipate needing to take the deposition of Plaintiff for up to four days for seven hours per day.
3  However, Plaintiff has not yet provided the names of the prospective deponents to Defendants to allow
4  them to be able to fully discuss Plaintiff's position.  On the other hand, Defendants have not received
5  sufficient discovery from Plaintiff to allow them to be able to fully discuss their time estimate for
6  Plaintiff's deposition.

7  Based upon the discussions at the status conference, Defendants are authorized to file their
8  motion related to Plaintiff's unwillingness to provide releases to the medical providers.  They may also
9  include in this same motion, the dispute related to the sufficiency of Plaintiff's response to the request
10 for production of documents.[1]  These motions SHALL be filed according to Local Rule 251(c).
11 Defendants may also file a motion to compel the third-party health care providers to comply with the
12 subpoenas (Fed. R. Civ. P. 45), but, clearly, because the merits of this motion correspond to the merits
13 of the other, it would add little value to the discussion.  As to the disputes related to the number of
14 depositions Plaintiff may take and the amount of time Plaintiff's deposition may last, these matters are
15 not ready for motion, given that further meet and confer efforts are necessary.

16 Finally, based upon the discovery disputes and the recent change of counsel for Plaintiff, the
17 scheduling order will be amended by the Court.  In authorizing this amendment, counsel is advised
18 that the Court expects that they SHALL work diligently and cooperatively to meet these revised
19 deadlines.

**ORDER**

21 Based upon the foregoing, the Court **ORDERS:**

22 1.  Defendants are authorized to file their motion re: discovery dispute related to Plaintiff's
23 refusal to provide medical releases and Plaintiff's response to the request for production of documents;

24 2.  The scheduling order is amended as follows:

---

[1] However, *only* at issue is the sufficiency of the document production as a whole *and* the propriety of the objections raised as to particular requests if Plaintiff has refused to produce responsive documents based thereon.  As to requests where objections were made but documents produced, the propriety of these objections are not ripe for a motion.

      i.      All non-expert and expert discovery SHALL be completed no later than **November 9, 2012**;

      ii.     Experts SHALL be disclosed according to the requirements of the scheduling order, no later than **October 19, 2012**;

      iii.    Rebuttal experts SHALL be disclosed according to the requirements of the scheduling order, no later than **September 28, 2012**;

      iv.    Any nondispositive motions SHALL be filed no later than **November 16, 2012** and heard no later than **December 14, 2012**;

      v.     Any dispositive motions SHALL be filed no later than **December 21, 2012** and heard no later than **January 25, 2013**;

      vi.    The pretrial conference SHALL be held on **February 19, 2013** at 11:00 a.m.;

      v.     The trial SHALL be held on **April 2, 2013** at 8:30 a.m.

3.    **<u>The parties are advised that no further amendments to the scheduling order will be authorized without a showing of exceptional cause.</u>**

IT IS SO ORDERED.

Dated:  <u>**April 9, 2012**</u>                  <u>**/s/ Jennifer L. Thurston**</u>
                                                UNITED STATES MAGISTRATE JUDGE