UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NAHARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00491 - JLT<br><br>ORDER ON DISCOVERY DISPUTES<br><br>(Doc. 106) |

　　　　On October 19, 2012, the Court held an informal, telephonic hearing related to two discovery disputes ongoing in this case. (Doc. 106)

　　　　First, Plaintiff sought a 45-day extension of time within which to complete discovery. In the course of the discussion during the telephonic conference, it was revealed that Plaintiff had not propounded his first set of written discovery until September 28, 2012[1] and had not taken his first deposition until October 2012. Counsel explained that two attorneys who had worked on the case previously, no longer worked for the firm though the supervising attorney, Michael Anderson, continues to supervise the matter. Notably, this is the same explanation Mr. Anderson provided in the joint mid-discovery status conference in April 2012 when he committed to the Court that this would

---

[1] Importantly, in their joint mid-discovery status conference statement, Plaintiff represented that he would be propounding his written discovery "by April 15, 2012." (Doc. 87 at 8)  Despite Mr. Anderson's report at the conference on October 19, 2012 that he was not "working the case" and was only "supervising" it, this report *was signed by* Mr. Anderson. Id. at 11.

1

not hinder completion of discovery within the deadlines imposed by the scheduling order. (Doc. 87 at 8) Mr. Anderson reported, "The reason for the delayed discovery is exasperated by the fact that counsel handling this matter on behalf of Plaintiff abruptly left his employment with Anderson & Associate and abandoned his case load, including the present matter. **We however anticipate moving this matter forward as scheduled and do not anticipate further delays**." Id., emphasis added.

After hearing counsel's argument and harkening back to the Court's admonishment on April 11, 2012 that the scheduling order would not again be amended absent a showing of exceptional cause (Doc. 90), the Court advised that good cause had not been shown to amend the scheduling order. Nevertheless, the Court authorized Plaintiff to file briefing on the topic to pursue his request for the extension but Plaintiff declined. Therefore, the request to amend the scheduling order is **DENIED**.

Second, currently, Plaintiff has scheduled to take ten depositions and but sought to take an eleventh. Notably, this issue was raised by Plaintiff in April 2012, when the parties filed their joint mid-discovery status report. (Doc. 87) At that time, Plaintiff sought to take 17 depositions but because Defendants were unwilling to agree to 17 depositions, Plaintiff asked the Court to permit 20 depositions. Id. at 8. Because the parties had not sufficiently met and conferred, the Court determined that this issue was not ripe for a hearing. (Doc. 90 at 2) At the telephonic conference on October 19, 2012, counsel asserted that the ten depositions taken/to be taken were all relevant but admitted they did not do any independent investigation to determine whether any of these witnesses were friendly to Plaintiff's case. This, of course, could mean make one or more deposition unnecessary. In any event, the Court advised counsel that it would need further information in order to evaluate whether the eleventh deposition was warranted. Fed. R. Civ. P. 26(b)(2)(C). However, once again, Plaintiff declined to provide briefing. Thus, the request to alter the limits on discovery to allow an eleventh deposition is **DENIED**.

IT IS SO ORDERED.

Dated: __October 19, 2012__                    /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE

2