1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11  RAM NAHARA,                        )  Case No.: 1:10-cv-00491 - JLT
                                       )
12           Plaintiff,                )  ORDER FOR THE PARTIES TO FILE A JOINT
                                       )  STATEMENT OF UNDISPUTED FACTS
13      v.                             )
                                       )
14  STATE OF CALIFORNIA, et al.,       )
                                       )
15           Defendants.               )
                                       )
16                                     )

17       On November 8, 2011, the Court issued its scheduling order. (Doc. 86) In it, the Court set

18  forth the requirements for filing a motion for summary judgment. Id. at 4-5. This order reads,

19       Prior to filing a motion for summary judgment or motion for summary
         adjudication the parties are ORDERED to meet, in person or by telephone, and confer
20       to discuss the issues to be raised in the motion.
         The purpose of the meeting shall be to: 1) avoid filing motions for summary
21       judgment where a question of fact exists; 2) determine whether the respondent agrees
         that the motion has merit in whole or in part; 3) discuss whether issues can be resolved
22       without the necessity of briefing; 4) narrow the issues for review by the court; 5)
         explore the possibility of settlement before the parties incur the expense of briefing a
23       summary judgment motion; 6) to arrive at a joint statement of undisputed facts.
         The moving party shall initiate the meeting and provide a draft of the joint
24       statement of undisputed facts. **In addition to the requirements of Local Rule 260 the
         moving party shall file a <u>joint statement</u> of undisputed facts**.
25       In the notice of motion the moving party shall certify that the parties have met
         and conferred as ordered above or set forth a statement of good cause for the failure to
26       meet and confer.
27
28

                                           1

1 <u>Id</u>. In its notice of motion for summary judgment, Defendant reports:

> The parties, through their respective counsel, discussed the basis of defendant's motion in accordance with this Court's Scheduling Conference Order of November 8, 2011, but were unable to resolve any of the issues that are raised in this motion. Additionally, plaintiff s counsel was unavailable to review the proposed joint statement of undisputed material facts, therefore defendant submits a separate statement of undisputed material facts.

(Doc. 116 at 2) For his part, Plaintiff denies that counsel ever discussed the intended motion and indicates that only time the subject was raised was on November 27, 2012 at which time Defendant's attorney could not articulate the bases for the motion. (Doc. 118 at 10) Plaintiff then reports that Defendant's statement of undisputed facts was provided to counsel but a mere one day before it was filed. <u>Id</u>.

On December 21, 2012, Defendant filed its motion for summary judgment and its separate state of undisputed facts. (Doc. 116-2) On January 11, 2013, Plaintiff filed his opposition to the motion and, in doing so, completely ignored Defendant's separate statement and, inexplicably, filed a separate statement which failed in any manner to address the statement filed by Defendant. While venting his justified irritation at Defendant's failure to comply with the Court's order regarding the separate statement, Plaintiff fails to provide any explanation for why he is permitted to make up his own set of facts or why his failure to oppose Defendant's facts does not justify the Court determining the motion against him. Fed. R. Civ. P. 56(e). This flouting of the Court's orders by Defendant and Plaintiff ignoring the dictates of Rule 56 will not be tolerated by the Court. Counsel have an obligation to this Court and to their clients to practice in a professional and competent manner.

Therefore, the parties **SHALL** file a <u>joint</u> statement of undisputed facts no later than January 23, 2013. To do this, counsel **SHALL** meet—either by the telephone or in person—no later than January 22, 2013. Before this meeting, Defendant **SHALL** ensure every fact proposed is support by a clear citation to the evidence. At the January 22, 2013 meeting, counsel **SHALL** begin with Defendant's statement. Plaintiff **SHALL** indicate the facts as to which he agrees there is no dispute and the facts to which he believes there is a dispute. As to these latter facts, Plaintiff **SHALL** support every dispute with a clear citation to the evidence. Then, Defendant **SHALL** respond to Plaintiff's claimed disputes.

Once this is complete, Plaintiff may suggest the additional facts he believes are material to the motion and SHALL support these facts with a clear citation to the evidence.  Finally, Defendant **SHALL** have an opportunity to respond to Plaintiff's material facts.

### **ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The parties **SHALL** file a <u>joint</u> statement of undisputed facts as set forth above no later than January 23, 2013.  To do this, counsel **SHALL** meet—either by the telephone or in person—no later than January 22, 2013;

2. The hearing on Defendant's motion for summary judgment is continued to February 8, 2013 at 10:00 a.m.;

3. **<u>Failure to comply with this order will result in the imposition of sanctions.</u>**

IT IS SO ORDERED.

Dated:   **January 18, 2013**            /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE