KAMALA D. HARRIS, SBN. 146672
Attorney General of California
JILL H. TALLEY, SBN. 178207
Supervising Deputy Attorney General
ANDREA R. AUSTIN, SBN. 173630
Deputy Attorney General
NOREEN P. SKELLY, SBN. 186135
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-4751
 Fax: (916) 324-5567
 E-mail: Andrea.Austin@doj.ca.gov
*Attorneys for Defendant CDCR*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NEHARA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA; DEPARTMENT OF CORRECTIONS AND REHABILITATION; an agency of the State of California; NORTH KERN STATE PRISON, an agency of the State of California; MICHAEL CAVANAUGH, an individual; ALFREDO CASTRO, an individual; EVELYN DIONISIO, an individual; MILGROS ALBANO, an individual; REYNALDO DIMAANO, an individual; ALAN TOM, an individual; LEIF AGBAYANI, VIDA McMILLEN, an individual; JUDY PIERCE, an individual; REYNOLDO REYES, an individual; PHILLIP A. MALLORY, an individual; DAVID RAMOS, an individual; RICHARD GIBBONS, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | 1:10-CV-00491-JLT<br><br>**DEFENDANT CDCR'S TRIAL BRIEF**<br><br>Date: April 3, 2013<br>Time: 8:30 a.m.<br>Courtroom: 6<br>Judge: The Hon. Jennifer L. Thurston<br>Location: U.S. District Court,<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Trial Date: April 3, 2013<br>Action Filed: March 18, 2010 |

Defendant California Department of Corrections and Rehabilitation (CDCR) respectfully submits this trial brief in the above-referenced matter.

## I. PARTIES AND COUNSEL

A. Plaintiff Ram Nehara is represented by Michael D. Anderson and Nicholas A. Hnatiuk of Anderson, Armenta & Associates, LLP.

B. Defendant CDCR is represented by Andrea R. Austin and Noreen P. Skelly of the California Office of the Attorney General.

## II. CASE STATEMENT

Plaintiff's claim arises out of his employment as a Registered Nurse at North Kern State Prison (North Kern or prison). In April 2009, the CDCR terminated plaintiff's employment at North Kern because he failed to perform the required checks on suicide-watch patients, then falsified their medical records to reflect that he did perform the required checks, in addition to other charges of misconduct. Plaintiff appealed his termination to the State Personnel Board (Board), claiming he was terminated in retaliation for his complaints about an inmate attack in December 2006. The Board rejected plaintiff's theory and upheld his termination.

Plaintiff now claims he was subject to retaliation for complaints of national origin discrimination. However, plaintiff's lawsuit is based on nothing more than speculation, conjecture, and conspiracy theories.

## III. PROCEDURAL HISTORY

On March 18, 2010, plaintiff filed this action[1] initially alleging five causes of action against the CDCR and thirteen individually named defendants. Through a series of motions, this Court dismissed four of plaintiff's claims and all the individually named defendants.[2] Thus, plaintiff's only remaining claim is for retaliation pursuant to Title VII.[3]

---

[1] March 17, 2010, Complt., on file herein at Document No. 1.
[2] August 4, 2010; November 5, 2010, August 8, 2011, February 11, 2013, Orders on file herein at Document Nos. 45, 56, 77 and 135.
[3] Pursuant to 42 U.S.C. section 2000e-3.

## STATEMENT OF FACTS

On March 29, 2007, Michael Cavenaugh the prison's Director of Nursing, informed plaintiff that he was restricted from patient care, pending an investigation of reports that he failed to perform required 30 minute checks on inmate-patients who had been placed on suicide watch and that he falsified the patients' medical records indicating that he checked on them every 30 minutes as required. This was the last time plaintiff saw, spoke to or worked with Cavenaugh.

A few days later, plaintiff stopped working, filed a workers' compensation claim for injuries he attributed to an inmate attack that occurred on December 22, 2006, and did not return to work until December 2008.

In April 2009, the Department served plaintiff with a Notice of Adverse Action terminating his employment for failing to observe suicide watch inmate-patients then falsifying their medical records, in addition to other charges. Specifically, plaintiff was charged with the following violations of Government Code section 19572: (c) inefficiency, (d) inexcusable neglect of duty, (e) insubordination, (f) dishonesty, (m) discourteous treatment of public or employees, (o) willful disobedience, and (t) other failure of good behavior. The Notice of Adverse Action issued by North Kern Chief Medical Officer Dr. Ashref Youssef was effective April 30, 2009.

Plaintiff challenged his termination to the State Personnel Board (Board). In March 2010, he also filed a whistleblower retaliation complaint with the Board. The Board set a full evidentiary hearing before an Administrative Law Judge for the consolidated matters. Plaintiff was represented by counsel at the hearing, which took place in March 2011. Following a four-day of hearing, the judge issued a proposed decision dismissing plaintiff's whistleblower retaliation complaint and finding that plaintiff engaged in inexcusable neglect of duty, dishonesty, willful disobedience, and other failure of good behavior, and that the penalty of dismissal was just and proper. The judge's findings were adopted by the Board and plaintiff's request for rehearing was denied September 20, 2011. Plaintiff did not challenge the decision by way of a petition for writ of administrative mandamus, and his time to do so has now expired. Cal. Gov. Code § 19630 [petition for writ of mandamus must be filed within one year of the Board's final decision].

Separately, the Department provided the California Nursing Board (Nursing Board) with information regarding plaintiff's alleged misconduct. The Nursing Board conducted an independent investigation which concluded that plaintiff slept through a shift during which he was required to check three inmate-patients on suicide watch every 30 minutes and falsified the patients' records indicating that he performed the required observations. In June 2009, the Nursing Board issued an Accusation charging plaintiff with gross negligence and unprofessional conduct.[4]

Plaintiff challenged the Nursing Board's action and was afforded a full evidentiary hearing before an Administrative Law Judge with the Office of Administrative Hearings. Again, plaintiff was represented by counsel. Following a three-day hearing, the judge issued a proposed decision finding that plaintiff's conduct warranted revocation of his registered nursing license.

The Nursing Board adopted the judge's decision and denied plaintiff's subsequent request for reconsideration. Plaintiff filed a petition for writ of mandamus in Kings County Superior Court challenging the Nursing Board's decision. The court denied plaintiff's writ finding that the weight of the evidence supported the Nursing Board's findings that plaintiff committed gross negligence and engaged in unprofessional conduct, and that the Nursing Board's revocation of plaintiff's license complied with its recommended guidelines.[5]

Plaintiff has stipulated to both the State Personnel Board and Nursing Board findings. See Pretrial Order, Document No. 139 on file herein, at p. 2.

## LEGAL ISSUES

I. **RETALIATION**

Plaintiff's only remaining claim is retaliation, pursuant to Title VII. To prevail on this claim plaintiff must prove that he engaged in activity protected by Title VII, was subjected to an adverse employment action, and a causal link between the two. 42 U.S.C. section 2000e-3(a); *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).

---

[4] Violations of California Business and Professions Code sections 2761(a) and 2761(a)(1).
[5] Plaintiff appealed the Kings County Superior Court order to the Fifth District Court of Appeal, which is currently pending.

3

1  A case of retaliation cannot be made out unless the 'retaliation' relates to the employee's opposition to a [Title VII] violation. Title VII protects only those who oppose what they reasonably perceive as discrimination under the Act. *Learned v. City of Bellevue* 860 F.2d 928, 932 (9th Cir. 1988) [The "opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."]

Plaintiff suggests that he made various complaints during his employment at North Kern. None of plaintiff's complaints, with the exception of his purported March 14, 2007 complaint, constitute activity protected by Title VII. For example, plaintiff claims that he engaged in union activities, raised safety concerns, and was denied medical leave – none of which constitute activity protected by Title VII. Plaintiff also admits that he does not know if the inmate attack and order to complete an incident report regarding the attack were motivated by his national origin, or if he ever reported that he believed they were. Thus, none of these events, or any other non-discrimination complaint, can form the basis of an actionable retaliation claim. Accordingly, plaintiff should be prohibited from raising such issues at trial.

A review of plaintiff's pre-trial filing reveals that plaintiff now claims the following retaliatory acts by CDCR: (1) December 22, 2006, inmate assault;[6] (2) March 29, 2007, involuntary change of watch and duties; (3) April 2009 termination by CDCR; and (4) revocation of his nursing license. (Plaintiff's proposed jury instruction no. 1.2.) Yet, a number of these claims fail as a matter of law.

### A.  Claims that occurred prior to January 1, 2009 are barred.

Plaintiff's claim that the December 2006 inmate assault and the March 2007 duty change were retaliatory are barred because he failed to exhaust his administrative remedies.

Before bringing suit under Title VII, plaintiff must exhaust his administrative remedies by filing a timely discrimination charge with the Equal Employment Opportunity Commission (EEOC) or appropriate state agency and receive a "right to sue" letter. 42 U.S.C. section 2000e-

---

[6] Plaintiff took a contrary position in his opposition to defendant's motion for summary judgment conceding he was not seeking recovery for the assault, only to remedy his termination. Document number 118 at p. 8, lines 20-25.

4

5(f)(1); *Freeman. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Title VII requires that the administrative charge be filed with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1); *Flores v. Merced Irr. Dist.*, 758 F.Supp.2d 986, 993 (E.D. Cal. 2010). Any discrete act of retaliation that occurred outside the statutory time period covered by the charge is time-barred and no longer actionable. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 114-15 (2002) [each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."]

In May 2007, after both of the above incidents, plaintiff filed charges with both the Department of Fair Employment and Housing (DFEH) and the EEOC alleging discrimination and retaliation. In November 2007, the EEOC issued plaintiff a notice of case closure and right-to-sue letter. (Joint Ex. 11.) The right-to-sue letter states "[y]ou may file a lawsuit against respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of receipt of this notice;** or your right to sue based on this charge will be lost." Also see 42 USC § 2000e-5(f)(1); *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir. 1979) [failure to commence suit within 90-days is grounds for dismissal of the action]. The DFEH also issued a notice of case closure and right-to-sue in April 2008. Plaintiff sat on his rights and did not file suit.

Rather, plaintiff's current suit (originally filed March 18, 2010) is based on EEOC charges he filed in October 2009 and January 2010. (TAC, ¶¶ 19, 20) The applicable statutory period covered by plaintiff's October 28, 2009, charge is January 1, 2009 to October 28, 2009. Even plaintiff must concede that both the December 2006 inmate assault and the March 2007 change of duties occurred well before statutory period covered by his 2009 and 2010 EEOC charges. Consequently, both alleged unlawful acts are time-barred.

Not only did plaintiff fail to exhaust his current claims in a timely manner, he failed to assert retaliation based on the December 2006 inmate assault or March 2007 change of duties in the operative EEOC charges. Accordingly, these claims cannot now form the basis of any relief. *National Railroad Passenger Corp. v. Morgan, supra*, at 115; *Freeman v. Oakland Unified School Dist., supra*, 291 F.3d at 636 [Incidents of discrimination not included in an EEOC charge

5

generally may not be considered by a federal court unless the claims are "like or reasonably related to the allegations contained in the EEOC charge"]; *Flores v. Merced Irr. Dist., supra*, at 993.

Based on the foregoing plaintiff cannot now claim that the 2006 inmate assault or 2007 change in duties were unlawful retaliation and plaintiff should be precluded from introducing any evidence at trial regarding these events.

### B. The California Board of Registered Nursing, not CDCR, revoked plaintiff's registered nursing license.

Plaintiff's assertion that revocation of his registered nursing license constitutes an adverse employment action by CDCR is wholly without merit. Plaintiff's registered nursing license was revoked by the California Board of Registered Nursing, *not CDCR*. Moreover, the Nursing Board decision was issued only after an investigation conducted by the Board and a three-day hearing before an Administrative Law Judge with Office of Administrative Hearings. During hearing plaintiff was represented by an attorney, had an opportunity to testify on his own behalf, call witnesses, and introduce evidence. The CDCR was not a party to this proceeding.

Moreover, even if plaintiff could hold CDCR responsible for an action taken by the Nursing Board, which he cannot, he failed to exhaust his administrative remedies by including such a claim in his EEOC charge. Thus, plaintiff's claim that the revocation of his nursing license was unlawful retaliation is now barred. *National Railroad Passenger Corp. v. Morgan, supra*, at 115; *Flores v. Merced Irr. Dist., supra*, at 993. Any attempt by plaintiff during trial to claim or suggest CDCR revoked his registered nursing license would constitute reversible error.

## II. DAMAGES

In his pre-trial filing plaintiff claims the following damages: at least $2,195,578 in lost wages and benefits; at least $1,000,000 for emotional distress; medical costs including medication and treatment; approximately $20,000 in education expenses; and attorneys' fees and costs.

Plaintiff's claimed damages are entirely unsupported and without merit. As discussed in defendant's motions in limine number 4, during the course of this litigation plaintiff failed to produce any evidence of his claimed damages, despite his obligations under Fed. R. Civ. Pro.

6

26(a)(1)(A)(iii) and 34. Plaintiff tacitly concedes this failure in his opposition to defendant's motions in limine but argues defendant should have known what his claims are because they had access to a number of his records. However, the CDCR is not required to speculate which damages plaintiff may claim are related to his retaliation claim.[7]

Additionally, plaintiff failed to identify any trial exhibit(s) that support his claimed damages. Thus, he will be unable to admit any such documents at trial. (Pretrial Order Document Number 139 at pp 7-10.) Finally, plaintiff failed to properly and timely disclose expert witnesses as required by the Court's scheduling order and Fed. R. Civ. Pro. 26(a)(2)(B). His response to the CDCR's motion in limine on this issue tacitly concedes as much by arguing that permitting him to call his expert witnesses would result in no prejudice to the CDCR. Plaintiff is incorrect and he must not be permitted to call any lay or expert witnesses to testify regarding the nature and extent of his claimed damages.

Based on the foregoing and the fact that plaintiff was not subject to any unlawful retaliation, there should be no award of damages for plaintiff. Assuming arguendo that plaintiff is entitled to recover any damages, those damages cannot be established given plaintiff's failure to comply with this Court's orders and the federal rules.

### A. Title VII caps compensatory damages at $300,000

Any compensatory damages, which include future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, against CDCR are subject to a cap of $300,000. 42 U.S.C. § 1981a(b)(3). Here, plaintiff cannot present evidence regarding such damages because he failed to disclose any documents to support such claims, he failed to properly declare experts who may have been able to testify regarding such claims, and he lacks the necessary qualifications to testify about causation, the appropriateness of prescribed medication, or the need for future medical care or treatment.

/ / /

/ / /

---

[7] Plaintiff also admits that the he filed two workers' compensation claims that are still open, and that he received disability payments and medical benefits associated with those claims.

Case 1:10-cv-00491-JLT   Document 154   Filed 03/22/13   Page 9 of 10

**B.     Lost earnings**

Front and back pay are not subject to the damages cap discussed above. 42 U.S.C. § 1981a(b)(2). However, the court not a jury determines the amount of both, if appropriate. 42 U.S.C. § 2000e-5 (g)(1); Pollard v. E.I. Du Pont de Nemours & Co., 532 U.S. 843, 848 (2001); *Lutz v. Glendale Union High School* 403 F.3d 1061, 1069 (9th Cir. 2005) [back pay is an equitable remedy to be awarded by the district court in its discretion].

Additionally, under Title VII, a plaintiff seeking lost earnings – both front and back pay – has a duty to mitigate damages by seeking alternative employment with "reasonable diligence." *Caudle v. Bristow Optical Co., Inc.* 224 F.3d 1014, 1020 (9th Cir. 2000); *Gotthardt v. National R.R. Passenger Corp.,* 191 F.3d 1148, 1156 (9th Cir. 1999); *also see* 42 U.S.C. § 2000e-5(g). Plaintiff has not done so.

Dated: March 22, 2013                             Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JILL H. TALLEY
Supervising Deputy Attorney General

/s/ ANDREA R. AUSTIN

ANDREA R. AUSTIN
Deputy Attorney General
*Attorneys for Defendant*
CDCR

# CERTIFICATE OF SERVICE

Case Name:   **Nehara v. State of California, et al.**   No.   **1:10-CV-00491-JLT**

I hereby certify that on March 22, 2013, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CDCR'S TRIAL BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 22, 2013, at Sacramento, California.

| Angie Reyes | /s/ Angie Reyes |
|---|---|
| Declarant | Signature |

11061253.doc