UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM NEHARA,<br><br>        Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-00491 JLT<br><br>ORDER ON PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF MOTION FOR NEW TRIAL OR RELIEF FROM JUDGMENT<br><br>(Doc. 206) |

Before the Court are Plaintiff's objections to the evidence submitted in support of Defendant's supplemental motion for new trial or alternative motion for relief from judgment. (Doc. 206) Plaintiff attacks the evidence on many grounds.[1]

**I.  Declaration of Karen Carnes**

    **A.  Exhibit A**

        **1.  The document is authentic**

Plaintiff objects that Ms. Carnes failed to properly authenticate Exhibit A, which was attached thereto. (Doc. 206 at 2) Exhibit A, purportedly, was the application package submitted by Plaintiff when he applied for a job with James Bay Centre. (Doc. 195-3 at 2)

The party seeking to admit a document need only "produce evidence sufficient to support a

---

[1] It is important to note that in none of Plaintiff's opposition papers does he claim the evidence is false or falsified.

1

finding that the item is what the proponent claims it is." Fed. R. Evid. Rule 901(a). Here, Ms. Carnes asserted the documents were "true and correct copies of the referenced documents Mr. Nehara submitted to the James Bay Centre." (Doc. 195-3 at 2) Thus, there is an adequate showing the documents are authentic.

On the other hand, Plaintiff asserts there is an insufficient foundational showing that Ms. Carnes is able to authenticate the documents. (Doc. 206 at 2) However, Ms. Carnes asserted that she was Plaintiff's supervisor and he "reported directly" to her. (Doc. 195-3 at 2) Thus, the Court finds there is an adequate showing that Ms. Carnes was familiar with Plaintiff's application package and the objection is overruled.[2] Thus, the objection is **OVERRULED**.

### 2. There is not a lack of foundation

Plaintiff argues Ms. Carnes is unable to attest that he, in fact, submitted the application package. However, Ms. Carnes attests the application package, with Plaintiff's name and other undisputedly accurate personal information listed on it, was submitted and, subsequently, Plaintiff was hired and worked for James Bay Centre for about 18 months.

Notably, the "connection between a message . . . and its source may be established by circumstantial evidence." United States v. Addonizio, 451 F.2d 49, 71 (3d Cir.1971), cert. denied, 405 U.S. 936 (1972); See Carbo v. United States, 314 F.2d 718, 743 (9th Cir. 1963) ("The connection between a telephone call and the caller may be established circumstantially.") Given the information listed above that Plaintiff was hired and worked at James Bay Centre and the Centre received an application package purporting to be from Plaintiff, the Court finds sufficient circumstantial evidence that the application package was provided by Plaintiff.[3] Thus, the objection is **OVERRULED**.

### B. Carnes' statement Plaintiff had a valid Canadian nursing registration

### 1. The statement is an admission

Plaintiff objects that the statement Carnes made, that he had a valid registration with the

---

[2] On the other hand, if this application package was not submitted by Plaintiff, it would have been a simple enough matter for him to state this. Instead, Plaintiff fails to controvert *any* of the evidence submitted by the CDCR.
[3] In any event, exactly who provided the application package—whether Plaintiff provided it, he caused it to be provided or someone else provided it—*is not* terribly important here. Instead, the information contained in the package *is* terribly important.

College of Registered Nurses of British Columbia is hearsay. (Doc. 206 at 2) Notably, however, Ms. Carnes is repeating what Plaintiff reported. Thus, this is not hearsay but an admission by Plaintiff. (Fed. R. Evid. 801(d)(2).) The objection is **OVERRULED.**

### 2. The registration information is relevant

According to Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact at issue is "of consequence in determining the action." Likewise, generally, all relevant is admissible. Fed. R. Evid. 402.

Plaintiff argues the statement that he had a valid registration with the College of Registered Nurses of British Columbia is irrelevant and not pertinent to the determination of the instant motion. (Doc. 206 at 2) To the contrary, in light of the fact Plaintiff denied he applied for or received licensing in Canada at his deposition and denied at trial he was able to get a nursing job due to his California license being suspended and in light of the fact his counsel argue his nursing license issued in New Zealand should not be considered by the Court in evaluating front pay, the Court finds it acutely relevant that, in fact, he had obtained a nursing license in Canada. Thus, the objection is **OVERRULED**.

### C. Carnes' statement that Plaintiff reported he had never sought treatment for or had any mental illness or emotional condition

Plaintiff objects that Plaintiff's statement made in the application for insurance offered in connection with his employment at James Bay Centre, that he had not suffered an emotional condition or mental illness is hearsay. (Doc. 206 at 2) Once again, Ms. Carnes is repeating what Plaintiff reported. Thus, this is not hearsay but an admission by Plaintiff (Fed. R. Evid. 801(d)(2)) so the objection is **OVERRULED.**

### D. Exhibit B[4]

#### 1. The document is authentic

Just as he objects to the admissibility of Exhibit A, Plaintiff objects that Ms. Carnes failed to

---

[4] In sub-heading D. (iii) of his objection, Plaintiff again argues that the registration with the College of Registered Nurses of British Columbia is not relevant. (Doc. 206 at 3-4) However, because this was addressed above, the Court does not repeat its analysis. Moreover, because Plaintiff provides no analysis that the "Evidence of Insurability" is not relevant, the Court declines to consider this objection.

3

properly authenticate Exhibit B, which was attached to her declaration. (Doc. 206 at 3) Exhibit B appears to be the "evidence of insurability" submitted by Plaintiff to Manulife Financial. (Doc. 195-3 at 2)

The party seeking to admit a document need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. Rule 901(a). Here, Ms. Carnes asserted the document was "a true and correct copy of the form completed by Mr. Nehara." (Doc. 195-3 at 2) Thus, there is an adequate showing the documents are authentic and the objection is **OVERRULED.**

### 2. There is not a lack of foundation

Plaintiff argues Ms. Carnes does not have personal knowledge that the document was completed by Plaintiff. (Doc. 206-3) However, as noted above, Ms. Carnes asserts that Plaintiff directly reported to her and that this is the document he completed to obtain insurance benefits. (Doc. 195-3 at 2) Moreover, the document itself bears the signature of "Ram Nehara" and his wife, "Manju Nehara" under the statement that, 'I certify that the information in this form is true and complete, to the best of my knowledge." Likewise, the information contains specific and personal information about Plaintiff, his wife and his children. As above, the Court finds there is sufficient circumstantial evidence that the application package was provided by Plaintiff. Addonizio, 451 F.2d at 71; See Carbo, 314 F.2d 743. Thus, the objection is **OVERRULED.**

### 3. The document is not irrelevant

Plaintiff argues the statements he made in the "Evidence of Insurability" are irrelevant. In particular, he asserts that the document has no bearing on the issues to be decided in the Fed. R. Civ. P. 60(b) motion. Exactly why Plaintiff believes his statements are not relevant to the motion is not explained. However, Plaintiff's statements denying that he ever suffered a mental illness or emotional condition is new evidence that was not discovered by the time of trial. Thus, they are relevant. Fed. R. Evid. 401Moreover, the substance of the statement is relevant because this information would have borne directly on the damages awarded—including the award of front pay—had this information been known at the time of trial. Thus, the objection is **OVERRULED**.

///

4

**E.     Carnes' statement re: Plaintiff's last day he worked at James Bay Centre**

      **1.     There is not a lack of foundation**

Plaintiff argues Ms. Carnes does not have personal knowledge that the document was completed by Plaintiff. (Doc. 206-4) However, as noted above, Ms. Carnes asserts that Plaintiff directly reported to her and, therefore, was in a position to have personal knowledge of the days Plaintiff reported to work. Thus, the objection is **OVERRULED.**

**F.     Carnes' statement re: Plaintiff submitting doctors' notes**

      **1.     The statement is not offered for the truth and is not hearsay**

Plaintiff objects that Carnes' statement that Plaintiff submitted doctors' notes in November and December 2012 indicating he was unable to work for an unspecified medical condition, is hearsay. However, as the Court sees it, the statement is not offered for the truth—that Plaintiff, indeed, suffered from a medical condition and, therefore, was unable to work—but merely to demonstrate Plaintiff did this act. Thus, the objection is **OVERRULED** but the Court will not consider the statement that Plaintiff suffered from a medical condition which prevented him from working when evaluating the Fed. R. Civ. P. 60(b) motion.

**G.     Carnes' statement re: Plaintiff's termination from James Bay Centre**

      **1.     There is not a lack of foundation**

Plaintiff argues Ms. Carnes does not have personal knowledge regarding his termination from James Bay Centre. (Doc. 206-4) However, as noted above, Ms. Carnes asserts that Plaintiff directly reported to her and, therefore, was in a position to have personal knowledge of the days Plaintiff reported to work. Thus, the objection is **OVERRULED.**

      **2.     The statement is partially irrelevant**

Plaintiff argues Ms. Carnes' statements that Plaintiff was terminated on March 14, 2013 due to failing to report to work and being absent without approval are irrelevant. Once again, with no explanation, he asserts that the document has no bearing on the issues to be decided in the Fed. R. Civ. P. 60(b) motion. However, the fact Plaintiff was employed through March 14, 2013 is new evidence which was not discovered by the time of trial. Thus, this statement is relevant because it would have

borne directly on the damages awarded—including the award of front and back pay—had this information been known at the time of trial. Fed. R. Evid. 401.

On the other hand, why Plaintiff was terminated is irrelevant to the Court's determination of the current motion. Thus, as to the date Plaintiff was terminated, the objection is **OVERRULED**. However, as to the reason for Plaintiff's termination, the objection is **SUSTAINED**.

### H. Carnes' statement re: revocation of Plaintiff's Canadian registration

#### 1. There is not a lack of foundation

Plaintiff argues Ms. Carnes does not have personal knowledge regarding his termination from James Bay Centre. (Doc. 206-5) However, as noted above, Ms. Carnes asserts that Plaintiff directly reported to her and, therefore, was in a position to have personal knowledge of Plaintiff's legal authority to work. Thus, the Court will consider the statement from Ms. Carnes' perspective—that Ms. Carnes' learned, as his direct supervisor, of Plaintiff's loss of his nursing registration. Therefore, the objection is **OVERRULED.**

#### 2. The statement is hearsay

Plaintiff's asserts Carnes' statement that she learned that Plaintiff's Canadian registration had been revoked is hearsay. Indeed, Carnes seems to be repeating a statement said to her by an unnamed person. Thus, the statement is an out-of-court statement and, seemingly, is offered for the truth. Thus, the objection is **SUSTAINED**.

### I. Carnes' statement re: Plaintiff's ineligibility to work

#### 1. There is not a lack of foundation

Plaintiff argues Ms. Carnes does not have personal knowledge regarding whether Plaintiff reported the revocation of his Canadian registration to the James Bay Centre. (Doc. 206-5) However, once again, Ms. Carnes asserts that Plaintiff directly reported to her and, therefore, was in a position to have personal knowledge of Plaintiff's legal authority to work and whether he received "employment benefits" during a time he was ineligible to work. Thus, the Court will consider the statement from Ms. Carnes' perspective—that Plaintiff never reported to her, as his direct supervisor—that he lost his eligibility to work. Therefore, the objection is **OVERRULED.**

///

1  II.     **Declaration of Russell Till**

2        A.     **Till's statement reporting the entries from *The Columbian***

3              1.     **The statement is hearsay**

Plaintiff objects that Till's statement reporting what he read in a Washington newspaper's online edition, is hearsay. (Doc. 206-5)  Though newspaper articles are self-authenticating documents (Fed.R.Civ.P. 902(6)), there is no showing that a hearsay exception exists such to allow the admission of the information from *The Columbian* newspaper. First, a newspaper article is classic hearsay in that, generally, it reports only what others have said and is offered for the truth.  Second, the article does not come within the residual hearsay exception because there is no showing "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807.  Indeed, a certified copy of Plaintiff's application for the liquor license and a certified copy of the business license could have been obtained readily enough and would be more probative than the newspaper article.  Thus, the objection is **SUSTAINED**.

            **2. The information Plaintiff owns and operates a convenience store is relevant**

Plaintiff argues that the information he owns and operates a convenience store is not relevant to the Fed. R. Civ. P. 60(b) motion.  (Doc. 206 at 5-6)  However, once again, this is information not known at the time of trial—though, apparently, it existed at that time—and is significant to the issue of Plaintiff's damages both related to his alleged emotional injury and the award of front and back pay. Thus, the objection is **OVERRULED**.

      B.     **Exhibit A to Till's declaration**

            1.     **The statement is hearsay**

For the same reasons Till's statement related to the content of the newspaper articles are hearsay, the articles themselves are hearsay.  Thus, the objection is **SUSTAINED**.

            2.     **The newspaper articles are authentic**

Plaintiff argues the newspaper articles are not properly authenticated.  (Doc. 206 at 6)  However, as noted above, newspaper articles are self-authenticating. Fed.R.Civ.P. 902(6). Thus, the objection is **OVERRULED**.

///

### 3. There is a lack foundation as to Exhibit A

Till asserts that the newspaper article attached to his declaration as Exhibit A was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3)  However, he does not state the article provided is a true and correct copy of what he observed on the website. Thus, the objection is **SUSTAINED**.

### C. Till's statement he read that Plaintiff applied for a liquor license

#### 1. The statement is hearsay

For the same reasons Till's statement related to the content of the newspaper articles are hearsay, the articles themselves are hearsay.  Thus, the objection is **SUSTAINED**.

#### 2. The information related to Plaintiff seeking a liquor license is irrelevant

Plaintiff argues that the information he applied for a liquor license for a convenience store is not relevant to the Fed. R. Civ. P. 60(b) motion. (Doc. 206 at 7)  However, once again, this is information not known at the time of trial—though, apparently, it existed at that time.  However, the there is no showing that Plaintiff merely seeking a liquor license is significant to the Fed. R. Civ. P. 60(b) motion.  First, there is no showing the license was granted and, second, even if it was granted, there is no showing that merely possessing the license bears on any of the trial issue.  Instead, it is clear the evidence was presented to further bolster Plaintiff is operating a full-service convenience store.  However, the operative fact is that Plaintiff is working; the nature of the business at which he is working, without more, is not. Thus, the objection is **SUSTAINED**.

### D. Exhibit B to Till's declaration

#### 1. The statement is hearsay

For the same reasons Till's statement related to the content of the newspaper articles are hearsay, the articles themselves are hearsay.  Thus, the objection is **SUSTAINED**.

#### 2. The newspaper article is authentic

Plaintiff argues the newspaper articles are not properly authenticated.  (Doc. 206 at 7)  However, as noted above, newspaper articles are self-authenticating. Fed.R.Civ.P. 902(6). Thus, the objection is **OVERRULED**.

///

### 3. There is a lack foundation as to Exhibit B

Till asserts that the newspaper article attached to his declaration as Exhibit B was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3) Thus, he reports on what he personally observed in the article. However, he does not state the article provided is a true and correct copy of what he observed on the website. Thus, the objection is **SUSTAINED**.

### E. Till's declaration Plaintiff had been issued a business license

#### 1. The statement is hearsay

Plaintiff argues Till's statement is merely a report of how the newspaper read and is, therefore, hearsay. (Doc. 206 at 8) For the reasons set forth above, the statement is hearsay and the objection is **SUSTAINED**.

#### 2. The fact Plaintiff operates a convenience store is relevant

Plaintiff argues that the information he owns and operates a convenience store is not relevant to the Fed. R. Civ. P. 60(b) motion. (Doc. 206 at 8) However, again, this is information not known at the time of trial—though, apparently, it existed at that time—and is significant to the issue of Plaintiff's damages both related to his alleged emotional injury and the award of front and back pay. Thus, the objection is **OVERRULED**.

### F. Exhibit C to Till's declaration

#### 1. The statement is hearsay

For the same reasons Till's statement related to the content of the newspaper articles are hearsay, the articles themselves are hearsay. Thus, the objection is **SUSTAINED**.

#### 2. The newspaper article is authentic

Plaintiff argues the newspaper articles are not properly authenticated. (Doc. 206 at 7) However, as noted above, newspaper articles are self-authenticating. Fed.R.Civ.P. 902(6). Thus, the objection is **OVERRULED**.

#### 3. There is a lack foundation as to Exhibit C

Till asserts that the newspaper article attached to his declaration as Exhibit C was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3) However, he does not state the article provided is a true and correct copy of what he observed on the website. Thus, the objection is

**SUSTAINED**.

    **G.**    **Till's statement he conducted a Lexus search which associated Plaintiff with certain addresses**

        **1.**    **The statement is not hearsay**

In this statement, Till reports the results of the Lexus search. Notably, he reports Plaintiff is associated with his known Bakersfield address on Grizzly Street and reports also he is associated with an address on Evergreen Blvd. in Washington. Thus, he is reporting information reported to him through Lexus and, notably, does not report the source of the information such that the Court can evaluate any indicia of reliability. Therefore, the report of the result of the Lexis search is hearsay and the objection is **SUSTAINED**.

        **2.**    **The fact Plaintiff is associated with Evergreen Blvd. is irrelevant**

Plaintiff argues that the information he owns and operates a convenience store is not relevant to the Fed. R. Civ. P. 60(b) motion. (Doc. 206 at 9) At trial, it was clear Plaintiff was living in Washington State. Thus, the Court cannot find information he was associated with an address in Washington was information that could not have been discovered before trial with the exercise of due diligence. Moreover, there is no showing that this information is significant to any particular trial issue.[5] Thus, the objection is **OVERRULED**.

    **H.**    **Exhibit D to Till's declaration**

        **1.**    **The Exhibit is hearsay**

For the same reasons Till's statement related to the content of the Lexis search are hearsay, the results of the search are hearsay.[6] Thus, the objection is **SUSTAINED**.

        **2.**    **The newspaper article is authentic**

Till asserts that the results of the Lexis search attached to his declaration as Exhibit D was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3) However, he fails to attest the documents are true and correct copies of the results of the search. Thus, the objection is

---

[5] It appears this is offered as further validation that Plaintiff is operating a convenience store in Washington. Again, information Plaintiff is and has been employed is pertinent; the specific address where he works is not.
[6] The Court finds no indication the information is not offered for the truth.

**SUSTAINED**.

### 3. There is a lack foundation as to Exhibit D

Till asserts he conducted the Lexis search which revealed certain information. Till asserts that the Lexis information attached to his declaration as Exhibit D was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3) However, he does not state the printout is a true and correct copy of what he observed on the website. Thus, the objection is **SUSTAINED**.

## I. Till's statement outlining his search results for the name "Nehra"

### 1. The statement is hearsay

The statement outlining the results Till obtained when he searched Lexis using the name "Nehra," seemingly, is offered for the truth—that there is a corporation named Nehra, Inc. and Plaintiff is the president of this corporation. Likewise, the statement is a recitation of hearsay information he obtained and is, therefore, double hearsay. There is no showing of a hearsay exception to either level of hearsay. Thus, the objection is **SUSTAINED**.

### 2. The information is not irrelevant

Plaintiff argues the statement that he was the president of a corporation is not relevant to the Court's determination of the Fed. R. Civ. P. 60(b) motion. Doc. 206 at 10. However, this is information not known at the time of trial—though, apparently, it existed at that time—and is significant to the issue of Plaintiff's damages both related to his alleged emotional injury and the award of front and back pay. Thus, the objection is **OVERRULED**.

## J. Exhibit E to Till's declaration

### 1. The statement is hearsay

Plaintiff contends the printout from the Secretary of State, attached to Till's declaration as Exhibit E, is hearsay. (Doc. 206 at 10) Notably, under Fed. R. Evid. 803(8), public records are describing the matters observed pursuant to the office's duties and for which there is a duty to report, are not excluded under the hearsay rule. The type of documents intended to be excepted by Fed. R. Evid. 803(8) include "routine and nonadversarial matters" whose contents are unambiguous and are unlikely to be contested because they are not prepared by a potentially biased employee, such as a police officer preparing a police report. United States v. Weiland, 420 F.3d 1062, 1074-1075 (9th Cir.

2005).

The Secretary of State is responsible for registering corporations operating within the state. Reporting on the corporations which have been so registered appears, likewise, to be a duty of the Secretary of State. Thus, generally, the information would likely be admissible as an exception to hearsay. However, the Court is concerned that the website information provided by the CDCR contains a disclaimer that the Secretary of State does not "warrant[ ] the accuracy, reliability or timeliness of any information . . . [and] [w]hile every effort is made to ensure the accuracy of this information, portions may be incorrect or not current." (Doc. 195-4 at 39, 40)  Thus, because the information lacks indicia of accuracy, the Court declines to apply the exception in this case. Therefore, the objection is **SUSTAINED.**

### 2. The document is authentic

Documents issued by a "public authority" are self-authenticating. Fed. R. Evid. 902(5). Therefore, the document is authentic and the objection is **OVERRULED**.

### 3. There is a lack foundation as to Exhibit E

Till asserts he searched the website of the Washington State Secretary of State which revealed certain information. Till asserts that the website information attached to his declaration as Exhibit E was "reprinted by me on this date, Thursday June 20, 2013." (Doc. 195-4 at 3)  However, he does not state the printout is a true and correct copy of what he observed on the website. Thus, the objection is **SUSTAINED**.

## K. Till's statement re: Plaintiff's trial testimony

### 1. The statement is hearsay

Plaintiff objects that Till's statement that he understands that Plaintiff testified at trial that he was working as a stocker at a convenience store is hearsay. (Doc. 206 at 11)  Plaintiff asserts that it should be considered hearsay "because it attempts to authenticate a document he did not create or write." Id. Exactly to what Plaintiff is referring is unclear. In any event, Till is reporting what someone told him about what Plaintiff said at trial. Thus, the statement is hearsay because it appears

he is offering this statement for the truth.[7] Thus, the objection is **SUSTAINED**.

### 2. There is a lack of foundation

Till does not assert he heard Plaintiff's testimony and cannot vouch for the accuracy of his information. Thus, the objection is **SUSTAINED**.

## III. Declaration of Andrea Austin

### A. Statement re: Plaintiff working at James Bay Center

#### 1. The statement is not hearsay

Plaintiff objects Ms. Austin's statement explaining how she came to learn of Ms. Carnes of the information Ms. Carnes provided, is hearsay. (Doc. 206 at 11) However, the statement is not offered for the truth but as explanation for the delay in discovering the information. (Doc. 195-2 at 2) Therefore, the objection is **OVERRULED**.

#### 2. The statement does not lack a proper foundation

The statement of Ms. Austin explains what she experienced and what she perceived. Her statement provides an adequate foundation and the objection is **OVERRULED**.

### B. Statement explaining how Ms. Austin gained the information from Ms. Carnes

#### 1. The statement is not hearsay

Plaintiff objects Ms. Austin's description that she learned information about Plaintiff's Canadian employment via subsequent communication with staff at James Bay Centre. (Doc. 195-2 at 2) Notably, Ms. Austin does not set forth the information she learned. Id. Thus, the statement is not hearsay but merely explains how the information was gained. Thus, the objection is **OVERRULED**.

#### 2. The statement does not lack a proper foundation

The statement of Ms. Austin explains what she experienced and what she perceived. Despite Plaintiff's characterization of this statement (Doc. 206 at 12), she does not attempt to authenticate Ms. Carnes' declaration but merely notes it was filed along with the motion. Ms. Austin's statement provides an adequate foundation and the objection is **OVERRULED**.

///

---

[7] On the other hand, indisputably, this correctly recites the content of Plaintiff's testimony in this regard.

13

### III. Subpoena to James Bay Centre

In his supplemental opposition, Plaintiff's counsel notes,

> Finally, it has come to light that the information obtained from Karen Carnes was done so by means of a subpoena issued by Defendant's counsel on .June 12, 2013, more than two months after the jury rendered a unanimous verdict in Plaintiff Nehara's favor and, obviously, more than half a year after discovery in this matter had closed. Anderson Decl., ¶ 4, Exhibit C attached thereto. Furthermore, Defendant obtained these documents through the issuance of a subpoena that Defense counsel failed to provide notice or even a copy of the subpoena to Plaintiff, which fails to comply with the requirements of Fed.R.Civ.Pro. 45(b)(1). Anderson Decl., ¶ 4.

Plaintiff never used the word "objection" in connection with the above-described observation, he did not request the Court quash the subpoena nor did he object to the use of any of the documents in support of the motion in his separately-filed document of objections to the motion (Doc. 206), based upon what he believes is a wrongfully-served subpoena. Nevertheless, Plaintiff argued at the hearing that the Court should refuse to consider any of the evidence obtained by the subpoena.

Notably, Plaintiff provides no legal support for this position. His drive-by citation to Fed. R. Civ. P. 45(b)(1) provides no assistance given, of course, this section does not apply to this subpoena. 28 USC § 1781. While the Court has little hesitation in finding that the subpoena was not enforceable, given it was served on a foreign company in a foreign country; compliance with the subpoena is not the issue. Likewise, Plaintiff's argument that the subpoena is improper given it was issued after trial and, therefore, the evidence adduced from it is equivalent to "fruit of the poisonous tree" and cannot be considered, is made without any legal authority to support it.

Despite given the opportunity to provide opposition and additional time to provide supplemental opposition to the Rule 60(b) motion, Plaintiff failed to properly assert an objection to the subpoena or the manner in which it was served and failed to provide any substantive briefing on the topic. His apparent idea that the Court will seek out his objections, formulate his arguments and conduct his legal research is misguided. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991). ("Judges are not like pigs, hunting for truffles buried in briefs.") Instead, the Court will "review only issues which are argued specifically and distinctly." Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). When a claim of error is not argued and explained, the issue is waived. See, Id. at 929-30.

The Court is not required to "manufacture arguments" for a litigant or to consider issues not substantively addressed in the written papers. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). Instead, "[t]he art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." Id. Because Plaintiff failed to actually object to the subpoena, he failed to move to quash it, he failed to provide any substantive analysis as to the merits of his position and his only citation to legal authority is to a Rule of Civil Procedure which does not apply, the Court finds Plaintiff has waived objection to the issuance of and service of the subpoena.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Exhibit A to the Carnes declaration (Doc. 195-3 at 5-10) is admitted;
2. Carnes' statement that Plaintiff had a valid registration with the College of Registered Nurses of British Columbia (Doc. 195-3 at 2) is admitted;
3. Carnes' statement that Plaintiff reported he had never sought treatment for or had any mental illness or emotional condition (Doc. 195-3 at 2) is admitted;
4. Exhibit B to the Carnes declaration (Doc. 195-3 at 12-13) is admitted;
5. Carnes' statement regarding the last day Plaintiff physically worked at James Bay Centre (Doc. 195-3 at2) is admitted;
6. Carnes' statement that Plaintiff submitted doctors' notes (Doc. 195-3 at 2) is admitted but the Court will not consider the statement that Plaintiff suffered from a medical condition which prevented him from working;
7. Carnes' statement regarding Plaintiff's termination from James Bay Centre (Doc. 195-3 at 2) is admitted but the Court will not consider why he was terminated;
8. Carnes' statement regarding revocation of Plaintiff's Canadian registration (Doc. 195-3 at 3) is not admitted;
9. Carnes' statement re: Plaintiff's ineligibility to work (Doc. 195-3 at 3) is admitted;
10. Till's statement reporting the entries from the newspaper (Doc. 195-4 at 2) is not admitted;

| | | |
|---|---|---|
| 1 | 11. | Exhibit A to Till's declaration (Doc. 195-4 at 5) is not admitted |
| 2 | 12. | Till's statement that he read that Plaintiff applied for a liquor license (Doc. 195-4 at 2) |
| 3 | | is not admitted; |
| 4 | 13. | Exhibit B to Till's declaration (Doc. 195-4 at 6-15) is not admitted |
| 5 | 14. | Till's declaration Plaintiff had been issued a business license (Doc. 195-4 at 2) is not |
| 6 | | admitted; |
| 7 | 15. | Exhibit C to Till's declaration (Doc. 195-4 at 17-25) is not admitted; |
| 8 | 16. | Till's statement he conducted a Lexis search which associated Plaintiff with certain |
| 9 | | addresses (Doc. 195-4 at 2) is not admitted; |
| 10 | 17. | Exhibit D to Till's declaration (Doc. 195-4 at 27-37) is not admitted; |
| 11 | 18. | Till's statement outlining his search results for the name "Nehra" (Doc. 195-4 at 2) is |
| 12 | | not admitted |
| 13 | 19. | Exhibit E to Till's declaration (Doc. 195-4 at 39-42) is not admitted; |
| 14 | 20. | Till's statement regarding the content of Plaintiff's trial testimony (Doc. 195-4 at 2) is |
| 15 | | not admitted; |
| 16 | 21. | Ms. Austin's statements regarding how she learned about Plaintiff working at James |
| 17 | | Bay Centre (Doc. 195-2 at 2) are admitted; |
| 18 | 22. | Any objection to the service of the subpoena has been waived. |

IT IS SO ORDERED.

Dated:   **July 31, 2013**                         **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE