UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAM NEHARA, | ) | Case No.: 1:10-cv-00491 JLT |
| Plaintiff, | )<br>)<br>) | ORDER DENYING ORAL REQUEST TO AMEND THE SCHEDULING ORDER |
| v. | ) | |
| THE STATE OF CALIFORNIA, | )<br>) | |
| Defendant. | )<br>) | |

On October 15, 2013, the Court held an informal telephonic conference at the request of counsel for Plaintiff. Counsel represented that the conference was to discuss deadlines regarding expert discovery. In truth, Plaintiff's counsel sought a 60-day extension of the deadline, which currently expired on October 15, 2013. For the reasons set forth below, the request is **DENIED**.

I.  **Background**

In advance of the trial in this matter, the parties filed in limine motions. One motion filed by Defendant was to preclude Plaintiff from offering expert testimony. The basis for the motion was that Plaintiff had failed to provide the information required by Fed. R. Civ. P. 26(a)(2) as to either Dr. Gary Longwith or Dr. Ana Chiles. In considering these issues, the Court's order read,

> Defendant moves the Court to exclude testimony by any expert who was not disclosed and, specifically, the testimony of Dr. Eugene Couture and Dr. Ana Chiles. (Doc. 141 at 8, 10-11) Defendant complains that though Plaintiff listed these witnesses on his expert disclosure made on September 28, 2012 (Doc. 141-1 at 122-124), he did not indicate whether either doctor was retained and failed to provide an expert report or a summary of the facts and opinions about which the experts were expected to testify.

(Doc. 141 at 8) When Defendant raised these deficiencies with Plaintiff on October 2, 2012 (Doc. 141-1 at 126-127), he did not amend the disclosure but, instead, waited more than a month, until November 9, 2012 (Doc. 141-1 at 109-111), and then served a "supplemental" disclosure which identified Dr. Chiles and Dr. Gary Longwith. (Doc. 141 at 8) Plaintiff identified these experts as non-retained but Defendant claims he failed to provide a summary of the facts and opinions about which the experts were expected to testify. Id. at 9. In addition, Defendant reports, despite the characterization of Dr. Longwith as a treating physician, he did not provide treatment to Plaintiff. Id. Moreover, Defendant asserts Plaintiff affirmatively reported that Dr. Longwith was retained and that describing him as non-retained is an improper attempt to avoid proper disclosure. Id.

Plaintiff explains that Dr. Chiles is a treating physician which excuses her from providing an expert report which would be required otherwise by Fed. R. Civ. P. 26(a)(2)(B). (Doc. 149 at 6) Likewise, Plaintiff argues that designation of Dr. Longwith was timely and that he was a treating physician in that Plaintiff underwent an initial consultation with Dr. Longwith and the doctor reviewed records of the other doctors. Id. Notably, Plaintiff failed to identify Dr. Longwith in his initial disclosures and in response to interrogatories. (Doc. 141-1 at 25-26)

Rule 26(a)(2) provides that a party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). Parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B).

A party is required to "supplement" its expert reports to reflect any new information discovered after the report's initial disclosure. Fed. R. Civ. P. 26(a)(2)(E) & 26(e)(2). "[D]esignation of 'supplemental' experts[, therefore,] is an ongoing obligation of the parties to correct earlier opinions disclosed by an expert. It does not refer to the disclosure of a new expert" once the court-ordered deadline for simultaneous initial disclosure of experts has expired. United States v. Southern Cal. Edison Co., Case No. 1:01-CV-5167 OWW DLB, 2005 U.S. Dist. LEXIS 24592, at *8 (E.D. Cal. Sept. 23, 2005) (quoting Hampton v. Schimpff, 188 F.R.D. 589, 590 (D. Mont. 1999)). A party may file a "rebuttal" expert report to "contradict or rebut evidence" offered by another party in its initial expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Here, characterization of Plaintiff's second disclosure as "supplemental" is incorrect and seeks to avoid the expert disclosure deadlines set by the Court. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) ("The purpose of rebuttal and supplementary disclosures is just that – to [rebut and to] supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline."). The second report provides additional information about the expected testimony of Dr. Chiles and adds Dr. Longwith. (Doc. 141-1 at 138) There is no showing Dr. Longwith's testimony is intended to rebut an expert designated by Defendant and the correspondence by Plaintiff's counsel makes clear, it is not. (Doc 141-1 at 131 ("[W]e are still awaiting a retainer agreement from him."))

In his opposition to the motion, Plaintiff does not explain why he believes the disclosure was harmless or substantially justified. Fed.R.Civ.P. 37(c)(1). Rather, he focuses only on Defendant's failure to take the deposition of Dr. Longwith without providing any analysis of why Defendant should have done so despite Plaintiff's failure to provide a compliant expert disclosure. In any event, the second disclosure was not timely. On November 8, 2011, the Court issued its scheduling order which read,

> **. . . The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure**

**to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.**

(Doc. 86 at 2) The parties were required to designate their experts no later than September 28, 2012 and their rebuttal experts no later than October 19, 2012 and discovery was to conclude by November 9, 2012. (Doc. 90 at 3) As noted above, Plaintiff's first expert disclosure was timely made on September 28, 2012. The second disclosure, however, was not served occur until November 8, 2012, which was the same that discovery closed. (Doc. 141 at 8)

If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the party is not allowed to use that witness to supply evidence, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26(a)(2)(A). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion of improperly disclosed expert witnesses is "self-executing . . . and automatic to provide a strong inducement for disclosure of material . . ." Id. at 1106 (citations and internal quotation marks omitted). Thus, the burden falls on the party facing the sanction to demonstrate that its expert witness should not be excluded under Rule 37(c)(1). Id. at 1107; see also Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).

To determine whether the untimely disclosure was harmless, a court may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Defendant asserts that it has been prejudiced by the late designation. Truly, the designation made on the day that discovery closed precluded Defendant from conducting discovery as to Dr. Longwith. The only way for Defendant to cure the prejudice would have been for it to make a motion to be allowed to take the deposition out of time. However, in light of Plaintiff's failure to seek leave to make the disclosure, Defendant's failure to do this is understandable. Though there is limited time to allow a deposition now, Plaintiff's counsel admitted at the hearing that an expert report for Dr. Longwith has never been produced and there is no indication that one could be provided in sufficient time for the deposition to occur.

Finally, under the circumstances outlined, the Court finds Plaintiff's disregard of the scheduling order to be willful. See Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) ("[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.") (citation and internal quotation marks omitted). Therefore, ignoring the failure to timely and properly disclose the experts is unwarranted. See Wong, 410 F.3d at 1060 ("Parties must understand that they will pay a price for failure to comply strictly with scheduling . . . orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citations and internal quotation marks omitted). This Court has the authority to strike an expert report. In re Arizona, 528 F.3d 652, 657 (9th Cir. 2009). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." Id. (citing, e.g., Fed. R. Civ. P. 16(c)(2)). "Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." Id. (citing Fed. R. Civ. P. 16(f), 37(b)(2)). Even now, Plaintiff takes issue with the fact Defendant failed to take the deposition Dr. Longwith

> despite the close of the discovery rather than providing any cogent basis for his failure to act timely. Therefore, Defendant's motion in limine as to Dr. Longwith is **GRANTED**.
>
> As to Dr. Chiles, the Court's analysis is a little different and due to the untimeliness of the second expert disclosure, the Court considers only the first one. In this disclosure, Plaintiff indicated Dr. Chiles would testify as to "the causes and extent of Plaintiff Nehara's emotional, psychological and/or psychiatric injuries." (Doc. 141 at 123) Plaintiff's counsel admitted at the hearing he did not identify—in the disclosure or otherwise—what Dr. Chiles' opinions would be or the facts upon which bases these opinions. [Footnote]
>
> Importantly, courts have held that medical witness opinions regarding causation "go[ ] beyond what he saw and did and why he did it ... and [is] giving an opinion formed because there is a lawsuit ." Hermann v. Hartford Cas. Ins. Co., No. 2012 WL 5569769 (D. Colo. Nov. 15, 2012). Thus, for this topic, an expert report is required even if the doctor was not retained. On the other hand, the parties agree Dr. Chiles is required to work under the supervised of a licensed psychologist and is able only to make treatment recommendations which are evaluated by one who is qualified to make diagnoses and treatment decisions. Even assuming no expert report was required of Dr. Chiles—and the Court does not find this is the case—the failure to provide the summary of facts and the opinions to which Dr. Chiles would testify, is a significant failure without any justification.
>
> Moreover, Plaintiff's failure to comply with the Rule 26 was not harmless. Not only did this cause Defendants to be unable to determine whether it needed to take the deposition of Dr. Chiles, it deprived Defendant of the ability to designate rebuttal expert testimony. This is a significant litigation advantage. On the other hand, Fed.R.Civ.P. 37(c)(1)(C), provides the Court broad discretion to craft an "appropriate sanction." See also, Yeti by Molly, 259 F.3d at 1106. Thus, in light of the fact Dr. Chiles was properly identified in the initial disclosure, the Court will **GRANT** the motion in limine but will permit Dr. Chiles to testify as a lay witness. She may testify only as to what she perceived during her visits with Plaintiff but not as to any information which falls within the purview of an expert.

(Doc. 162 at 7-11, footnote omitted)

### A.   Re-scheduling the case

On July 31, 2013, the Court granted Defendant's motion for a new trial and set a date to re-schedule the case. (Doc. 209) In advance of that hearing, the parties filed a joint report. (Doc. 211) In that report, Plaintiff sought the ability to "augment" his expert disclosure despite his earlier failure to make a compliant disclosure. (Doc. 211 at 2) Over the Defendant's objection, the Court ordered,

> Plaintiff seeks the ability to make an expert disclosure. In the original trial proceedings, the Court precluded the use of Plaintiff's expert at trial given his failure to comply with Rule 26. (Doc. 162 at 7-11) Notably, at that time, the Court found Defendant would suffer prejudice if the experts would be allowed to testify because it had not had the full opportunity to depose them given Plaintiff's failure to provide the information required by Rule 26(a) and, given the approaching trial date and the continued failure to provide the expert reports, Defendant was unable to cure the prejudice without disruption of the trial date. Id. at 9. Finally, the Court found Plaintiff's failure to comply with Rule 26 was willful and, based upon these factors, precluded the testimony.
>
> However, with the granting of the motion for new trial, the first three factors no longer apply. There is time for depositions without impacting the trial date and, therefore, other than the burden of taking the depositions, there is no prejudice to

Defendant. Thus, the Court will permit the disclosure made by Plaintiff on November 8, 2012 to stand. However, **no later than October 15, 2013**, Plaintiff SHALL provide the expert report of Dr. Longwith required by Fed. R. Civ. P. 26(a)(2)(B) and SHALL provide the information required by Fed. R. Civ. P. (a)(2)(C) as to Dr. Chiles. Likewise, Plaintiff SHALL supplement the disclosure and the expert report, due to information gained from the additional discovery outlined above, **no later than March 14, 2014**. Defendant is authorized to take the depositions of Dr. Longwith and Dr. Chiles related to the entirety of their expert designation. However, in the event Plaintiff fails to comply with this order, Defendant need not take the deposition of either Dr. Chiles or Dr. Longwith because neither will be permitted to testify at trial in any capacity.

Defendant is authorized to supplement its expert disclosures to address evidence adduced during this renewed discovery effort. The supplementation SHALL occur n**o later than March 14, 2014**. Plaintiff is authorized to take the depositions of Defendant's experts only as to supplemented material and only if the supplementation materially and substantially alters the opinions of the experts.

All depositions of experts SHALL be completed **no later than April 4, 2014**.

(Doc. 214 at 2-3, emphasis in the original.)

## II.   Current request

On October 15, 2013, Plaintiff's counsel initiated a conference with the Court and opposing counsel. Despite the Court placing special emphasis on Plaintiff's obligations and specifically setting forth consequences of his failure to comply in its September 18, 2013 order (Doc. 214), at the conference, counsel for Plaintiff, Mr. Anderson, made clear Plaintiff had failed to provide the expert reports and would be unable to provide Dr. Longwith's report in a timely fashion. Counsel requested an additional 60 days to make the required disclosure. In explanation, Mr. Anderson reported that "within the last 15 days" he and/or his secretary had called Dr. Longwith's office but could not say whether a message had been left, the actual date the call(s) was made or why no effort had been made to make the call(s) earlier in the 30-day period provided by the scheduling order.[1]

Mr. Anderson was able to state only that Dr. Longwith's office had been open for business when the call(s) was made but he had not yet had any contact with him. He explained that part of the difficulty in proceeding was that Plaintiff lived out of the area and, assertedly, it was *his* responsibility—not counsel's—to enter into the retainer[2] agreement with Dr. Longwith and to provide

---

[1] The fact that Mr. Anderson had been in trial is the routine burden of a trial attorney and there was no explanation provided why co-counsel, Mr. Hnatiuk, or someone else in the firm was unable to take on this task.

[2] During the conference, counsel seemed to be unclear whether Dr. Longwith was a "retained" or "non-retained expert." These are terms of art and a "retained" expert, as defined by Rule 26, is one who is specially employed to provide expert opinions. Fed. R. Civ. P. 26(a)(2)(B). Inexplicably, counsel took the position that a "not-yet-retained" expert is an "unretained" expert.

5

an avenue for payment.  Even still, there was no confirmation that Plaintiff had, in fact, made these payment arrangements and there was absolutely no explanation provided as to why the disclosure related to Ana Chiles had not occurred.  The Court has little doubt the failure to comply with the deadline was not due to trial obligations, Plaintiff making payment arrangements or the fact that Plaintiff lives out-of-the area.[3]  The failure was due to a complete lack of attention to this important obligation and a complete lack of diligence.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson, the Court explained,

---

On the other hand, if Dr. Longwith *is* a treating physician—and, hence, *not a retained expert*—it is unexplained why Plaintiff's delay in making payment arrangements with Dr. Longwith could possibly have impeded the required disclosure. Moreover, if he was a treating physician, it is unclear why he was not disclosed in discovery (Doc. 149-1 at 7-9; Doc 195-2 at 41-42) or why Mr. Hnatiuk would write to Ms. Austin on October 11, 2012, and state, "[I]n lieu of Dr. Couture, we have been in contact with Dr. Gary A. Longwith, whom we expect to testify as an expert.  While Mr. Longwith has sent us copies of his fee schedule and curriculum vitae (which I have included with this letter, for your records), **we are still awaiting a retainer agreement from him**. Accordingly, we will supplement our Expert Disclosure **once we have retained Mr. Longwith** and have his expert report." (Doc. 149-1 at 59, emphasis added)

Finally, counsels' representation that Dr. Longwith oversaw Dr. Chile's therapy with Plaintiff and is, therefore a treating physician—is belied by Dr. Chile's trial testimony in which she testified that Dr. Couture was her supervisor on this case until his retirement in June 2012.  After that time, she began working under the supervision of Dr. Longwith. However, of key importance, Dr. Chiles testified the last time she saw Plaintiff was on June 21, 2010.  Thus, exactly how counsel contends Dr. Longwith was a treating physician is abundantly unclear.

[3] It is unclear how Mr. Nehara living in Washington complicates the matter at all.  Counsel *never* were located in the same city as Plaintiff during the entire pendency of this case.  Moreover, at least as of the time of trial, Plaintiff continued to be a patient of Ana Chiles whom, apparently, is in the same practice as Dr. Longwith.  Thus, it is unclear why the payment arrangements Plaintiff, presumably, had made for that treatment would need to be different for obtaining the services of Dr. Longwith.

6

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Moreover, seeking an extension of time before the deadline has expired is required. Local Rule 144(d) reads,

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. **Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.**

Emphasis added. Moreover, this Court has held that the failure to seek an extension as to any deadline in the scheduling order well <u>before</u> the date passes is a basis for denying the requested amendment. In Hardy v. County of El Dorado, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008), the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for lack of diligence. The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence."

Despite the Court's determination Plaintiff had *willfully* failed to comply with the expert discovery requirements during the previous expert discovery phase and despite having his experts excluded at trial, the Court granted Plaintiff a second chance at expert discovery; he squandered that chance. The Court was explicitly clear that strict compliance was required. Despite this, counsel, seemingly, believed the Court's order did not mean what it said and that without the slightest showing of diligence, without contemplation of what the Ninth Circuit's authority requires and without, even,

any ability to document the efforts put forth to comply with the case schedule, that the Court would grant an oral motion to amend the scheduling order and, in doing so, retreat from it's very clear previous order; not so.

**ORDER**

Based upon the foregoing, the oral motion to amend the scheduling order to extend the deadline for production of the expert reports of Dr. Longwith and Dr. Chiles is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 16, 2013**              /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE